## LUTHER V. DRAKE.

1. **Homestead:** CONVEYANCE BY DIFFERENT DEEDS. Whether a conveyance of the homestead by the husband in a deed in which the wife does not join, and by the wife in a deed in which the husband does not join, passes the title to the grantee named in the separate deeds, *query*.

2. —— WILL NOT BE DISTURBED ON APPLICATION OF FRAUDULENT GRANTEE. A conveyance thus made will not be disturbed by a court of equity on the application of a subsequent grantee who acquired *his* title with notice of all the fact, for a nominal consideration, and for a fraudulent purpose.

*Appeal from Boone District Court.*

THURSDAY, JUNE 28.

IN February, 1857, S. G. Cunningham conveyed, by warranty, to Clarke Luther, the plaintiff, forty acres of land, constituting the grantor's homestead. One year thereafter Agnes Cunningham made to Luther a quit-claim for the same property. The wife did not join with the husband, nor the husband with the wife in their respective deeds, but both were regularly acknowledged. In 1859 (April), Cunningham made his note to Samuel Luther; the beneficial interest therein and the judgment therein being in the plaintiff, and on the same day plaintiff conveyed the land to Samuel. In July, 1859, Cunningham and wife made a warranty deed of the same land to the defendant Drake. April, 1860, Samuel Luther recovered judgment against the Cunninghams on the note. Under this the property was sold as belonging to Cunningham, bought by Samuel, and his right afterwards transferred to plaintiff.

This bill was filed in 1862, treating, as then fully stated, the two deeds from Cunningham to plaintiff as a mortgage to secure the amount of the notes upon which the judgment was recovered, in favor of Samuel Luther; the money forming the consideration therefor being advanced before

Luther v. Drake.

and at the time of said conveyances, and notes therefore renewed from time to time. It is averred that Drake is a fraudulent purchaser, without value, and the prayer is for a foreclosure; to set aside Drake's deed, and for general relief. Plaintiff was successful and defendant Drake appeals.

*Ellwood* with *Towne & Mitchell* for the appellant.

*E. S. Waterman* for Cunningham.

*Jno. A. Hull* for the appellee.

WRIGHT, J. — A question of very great practical and general importance is started by appellant, involving a construction of section 2279 of the Revision.

1. HOME-STEAD: conveyance.

The point made by the counsel is, that, as the husband and wife did not concur in and sign one or the same conveyance, the homestead title did not pass, and that the deeds or equitable mortgages under which plaintiff claims were of no validity under the statute. The question is not free from difficulty. The interests involved therein to property of untold value in the State are too great to justify its determination until it properly and necessarily arises. As at present advised, this court might not be united in its solution, and, as this case can properly be disposed of upon other grounds, we prefer to leave it open for future consideration.

It seems that Cunningham is dead, and his heirs are made defendants to the bill. The widow and heirs do not resist in this court the relief asked; claiming, that the transaction with Luther was a mortgage asking to redeem, and denying the validity of the deed to Drake. Drake alone contests the validity of the conveyances of July, 1858 and 1859. The court below found from the testimony, that Drake took

2. —— will not be disturbed on application of fraudulent grantee.

his deed for a fraudulent purpose, with a full knowledge of all the circumstances; that it was intended to defraud Luther; that he acted in bad faith and inequitably, and that his deed should be treated as a nullity. That the testimony warranted this conclusion we entertain no doubt. Drake was most clearly a bad faith purchaser. He is a mere intermeddler, having no substantial rights, taking a deed to the property without more than a nominal consideration, for the very purpose of defeating plaintiff in his security. Under such circumstances, we are not disposed to give him any standing in this court. One in his position is not entitled to the favorable consideration of a court of equity. And it is upon this ground we refuse to interfere with plaintiff's security.

If the heirs are not complaining of the invalidity of the deeds referred to, we are not disposed to declare them invalid (even if the world be at their suit) upon the complaint of one, who voluntarily and for a fraudulent purpose interested himself in the property. 2 Story's Eq., 1502, *et seq.*, notes and authorities cited.

The decree below will, therefore, be affirmed, the court below being directed to make an order at its next regular term, extending the time for redemption to the widow and heirs for ninety days from the first day thereof, and such allowance for the services of the guardian *ad litem* as may be just and equitable in this and that court. In all other respects the said decree to stand undisturbed, the appellant, Drake, to pay the costs of this appeal.

                                        Affirmed.