## WALKER v. ELSTON AND GREEN.

1. **Recording act:** PURCHASER AT SHERIFF'S SALE. A judgment creditor who purchases real estate of the defendant at a sheriff's sale, takes the same discharged of equities arising under an unrecorded deed of which he had no notice, actual or constructive. This rule may be modified by a court of chancery, when strong and controlling equities intervene.

*Appeal from Story District Court.*

THURSDAY, DECEMBER 20.

A CHANCERY proceeding to remove a cloud from the title of lot one, in block forty, of the town of Nevada, founded upon the following facts, clearly proven or admitted, and therefore, no longer open to controversy, namely: That in the year 1855, one J. P. Robinson (now deceased) was the legal owner of said lot; that in the following year he conveyed by deed the same lot to Isaac H. Hayne, which deed of conveyance is not and never was recorded. In November of the same year, Hayne sold and conveyed the said lot to the plaintiffs in this action, by a deed which was duly recorded.

The defendants in this case held a claim against J. P. Robinson and others, for the sum of $1,655.25, for which amount they obtained a judgment on the 16th day of September, 1858, afterward sued out an execution thereon, and had the same levied upon the lot in dispute, which was sold by the sheriff on the 2d of July, 1860, to the defendants as the highest bidders, for the sum of $10, which was duly credited upon the execution. At this time and before, the lot was vacant and unoccupied, and it is not shown by any evidence that the defendants when they purchased had any notice, actual or constructive, of plaintiff's equities, or that the title of the lot passed from J. P. Robinson. It is also conceded that when the sheriff's sale took place, and for some time thereafter, the plaintiff was in California, and was without an agent in this State to look after his business.

In this state of the case the court is asked to set aside the deed from the sheriff to defendants, and to decree that R. H. Robinson, the administrator of J. P. Robinson, be

Elston and Green v. Robinson.

required to convey by deed said lot directly to plaintiff, which prayer was substantially granted, and the defendants appeal.

*J. A. Frasier* for the appellant.

*Dana* for the appellee.

LOWE, Ch. J.—The only question presented by the foregoing facts is, whether a judgment creditor, purchasing at sheriff's sale, takes, as in this case, the lot of ground discharged of all equities arising under an unrecorded deed, of which he had no notice, actual or constructive, at the time of the purchase. We have several times held that he did and would be protected as any ordinary *bona fide* purchaser under section 2220 of the Revision. *Evans* v. *McGlosson*, 18 Iowa, 150, and other authorities there cited; *Wallace* v. *Bartle*, *ante; Butterfield* v. *Walsh*, 21 Iowa, 92; also, *Vannice* v. *Bergen*, 16 Id., 555; *Vannice* v. *Traer*, 16 Id., 574; *Holloway* v. *Platner*, 20 Id., 121. A majority of this court, however, have held that this rule would be modified by a court of chancery, where strong and controlling equities intervene, and are duly alleged and proved. In this case there are no such equities stated in the pleadings or proved, and the ordinary rule must prevail, which necessitates a reversal of the decree entered below.

Reversed.

1. RECORDING ACT; purchase at sheriff's sale.