## FELCH v. FINCH.

1. **Dower**: ACTION TO RECOVER: STATUTE OF LIMITATIONS. The statute of limitations does not commence to run against an action to recover a dower interest in lands until there is an adverse possession by the heirs or grantees of the husband.

2. ———: IMPROVEMENTS: WHAT CONSTITUTE. In an action to recover dower in land conveyed by the plaintiff's husband, who died in 1862, where it appeared that his grantees purchased in good faith and without knowledge that he was married at the time of the conveyance, it was held that plaintiff was entitled to a life estate in one-third in value of the land, without improvements, and that money paid to secure the location of a depot on the land, and in surveying and platting it into town lots, was a legitimate expenditure for its improvement, and the enhancement in value by reason thereof should be considered as improvements in apportioning the plaintiff's interest.

3. ———: PAYMENT OF TAXES. The widow was under no obligation to pay any portion of the taxes levied on the lands of her deceased husband before her dower had been assigned.

| 52 | 563 |
|----|-----|
| 122 | 627 |
| f123 | 749 |

| 52 | 563 |
|----|-----|
| f130 | 569 |

| 52 | 563 |
|----|-----|
| 132 | 439 |
| d132 | 441 |

| 52 | 563 |
|----|-----|
| 138 | 102 |

| 52 | 563 |
|----|-----|
| f139 | 125 |

*Appeal from Hancock District Court.*

TUESDAY, DECEMBER 9.

IN the month of September, 1856, one Charles Felch became the owner in fee of 160 acres of land in Hancock county. On the 27th day of December, 1856, said Felch conveyed said land to Henry Budka by a deed, with covenants of general warranty. Budka afterward conveyed the land to William H. Seymour, and Seymour conveyed to John Maben. In 1870, John Maben laid out and platted said land into town lots, and the same now constitutes the town of Garner. The defendant is the owner of certain lots in said town, which he acquired through Maben, and is invested with the title which was conveyed by Charles Felch to Henry Budka.

On the 22d day of May, 1876, the plaintiff herein filed her petition, claiming that at the time of the conveyance from Charles Felch to Henry Budka she was the lawful wife of said Felch, that she did not join in said conveyance, and that Charles Felch, her husband, died on the 12th day of June,

1862, leaving her as his lawful widow, and demanding that her dower in said lots be set apart and assigned to her.

The defendant denied that the plaintiff was at any time the lawful wife of said Felch, and also pleaded the statute of limitations. He also asked that, if it should be found that plaintiff was entitled to dower in the land, the improvements thereon, made by defendant and his grantors, and the taxes paid by them, should be taken into consideration in fixing the value of her dower estate.

There was a decree for the plaintiff. Defendant appeals.

*Bush & Bush* and *H. N. Brockway*, for appellant.

*Starr & Harrison*, for appellee.

ROTHROCK, J.—I. It appears from the evidence that Charles Felch died June 10, 1862. This suit was commenced in 1876.

1. DOWER: action to recover: statute of limitations.

The land in controversy was wild uncultivated prairie, and not in the actual possession of any one until the year 1870. Appellant claims that the action is barred by the statute of limitations, because it should have been commenced within ten years from the death of the husband. This is an action to recover dower. It has always been recognized as a distinct proceeding from the application for the admeasurement of dower provided for in Code, section 2444, Rev., 2428, and it has uniformly been held that the statute of limitations does not commence to run until there is adverse possession of the land by the alienee or grantee of the husband. *Phares v. Walters*, 6 Iowa, 106; *Starry v. Starry*, 21 Id., 254; *Rice v. Nelson*, 27 Id., 148 (153); *Sully v. Nebergall*, 30 Id., 339.

II. It is next insisted that there was not sufficient evidence to warrant a finding that the plaintiff was the lawful wife of Charles Felch, nor that her husband was the identical person who was seized of the land, and conveyed to Budka.

The only evidence upon this question was that offered by the plaintiff. That it was a sufficient *prima facie* showing of the marriage, seizure and death, and the identity of the parties, can, it seems to us, admit of no question. We need not incor-

porate the evidence in this opinion, nor make further reference to it.

III. The court below found that the plaintiff's dower was a life estate only, and that she was entitled to have one-third of the lots without improvements, and "that she was not entitled to any of the improvements on the lots." It appeared in evidence that the plaintiff and her husband were residents of the state of New York, and it does not appear that the defendant or his grantors had any knowledge that Charles Felch was a married man when he conveyed the land in fee to Budka. No demand for a dower interest in said land appears to have been asserted until the commencement of this action. The defendant and his grantors have paid the taxes upon the land since the year 1862. The defendant offered to prove upon the trial that to secure the location of a depot upon said land John Maben, the owner of the premises, paid to the Milwaukee & St. Paul Railroad Company a sum of money (which in the answer is alleged to be $1,700), and that without the location of said depot thereon the lots in controversy would have been of no value, and would have had no rental value. An objection to this evidence was sustained. It appears that the costs and expenses of platting and surveying the town of Garner was $234, one-half of which was paid by the land owners and the other half by the railroad company.

*2. ——: improvements: what constitute.*

The court below held that the cost of surveying and platting the land, and the cost of securing the location of a railroad depot thereon, and the taxes paid by the defendant and his grantors, should not be taken into consideration in determining the dower interest of the plaintiff.

The determination that the plaintiff is entitled to a life estate dower, if entitled to anything, is not questioned. The law in force at the time the right accrued provided for a life estate only. The rule adopted by the court below, that the plaintiff was entitled to one-third for life, without the improvements put upon the land by the grantees of her husband, is not a subject of dispute between the parties. It seems that such rule is well settled. Washburn on Real Property, Vol. I, 274;

Parsons on Contracts, Vol. III, 222. *Gore v. Brazier*, 3 Mass. 523. *Dunsett v. Bank of U. S.*, 6 Ohio, 76.

But the appellant claims that the improvements should include the necessary expenses incurred in procuring the location of the depot, and in laying out, surveying, and platting the town. This position we believe to be well taken. It is true we find no case like this in its facts. The rule seems to have been stated in general terms, that the widow takes her dower in the value of the property without the improvements put thereon by the labor and money of the grantees of her husband, but including such increased value of the land as has been caused by the general growth and prosperity of the country. We know of no reason why the improvements should be limited to building fences, houses or other erections upon the land. The reason of the rule is that the widow shall not profit by the labor and money of the grantee of the husband, expended in enhancing the value of the land. It is founded upon the broadest principles of equity, which preclude one person from reaping that which another has innocently and rightfully sown. Now if the laying out of the land into town lots increased its value, and if the payment of money fairly and reasonably made to the Milwaukee & St. Paul R. R. Co. to induce the location of a depot upon the land enhanced its value to a greater degree than it would have been if the depot and town had been located on other lands, the necessary outlay to accomplish these ends are just as legitimate subjects to be taken into consideration, in determining the plaintiff's dower interest, as the erection of dwelling houses, churches, storehouses and the like. Such necessary outlay should be taken into the estimate to the extent which it increased the value of the property, but not exceeding the amount paid out and expended by the grantees of the husband for the purpose aforesaid.

But we think the court properly held that the taxes paid by the grantees of the husband, before any demand was made by the plaintiff for the assignment of her dower, should not be taken into consideration in estimating the value of her dower estate. After the death of her husband, but before assignment, the widow's right of dower is not

3. ——: payment of taxes.

deemed to be any estate, nor interest whatever, in the land. "The right has become consummate as it is called. It has ceased to be a mere contingency; but still it remains a mere right in the nature of a chose in action, to have a freehold estate assigned her, while it is no estate itself." 2 *Bishop on the Law of Married Women*, section 349. In *Branson v. Yancy*, 1 Dev. Eq., 77 (North Carolina), it was held that a widow, who after the death of her husband occupied his residence, his children, some of whom were of age, being with her, was under no obligation to pay the taxes accruing thereon between his death and the assignment of her dower. In the case at bar the widow had no possession, either exclusive or in common with the heir or grantee of the husband, and there is, therefore, less reason for holding that she should contribute to the payment of taxes than in the case just cited. She cannot recover damages nor rent, for withholding her dower, until demand be made for its assignment. *O'Ferrall v. Simplot*, 4 Iowa, 381; *Huston v. Seeley*, 27 Id., 183. If a grantee of the husband receives the rents and profits, without liability to the dowress, he should pay the taxes.

It is said, however, that the lands were wild and unimproved, and yielded no income. But, until dower is assigned, the possession is, in contemplation of law, in the grantee of the husband. He could have made them productive. The plaintiff could not, because she neither had possession, nor the right of possession. It will be understood that this case is based upon the statute which was in force at the time the rights of the plaintiff accrued. Since that time the law of dower has been materially changed. It is now held by a different tenure, and possibly may be controlled by different rules. The case at bar must be considered as resting upon its own peculiar facts, and upon the statute in force at the time the rights of the plaintiff as a dowress attached.

The cause will be reversed and remanded for a further proceedings not inconsistent with this opinion.

REVERSED.