CRUIZE, GUARDIAN, v. BILLMIRE.

1. **Dower:** DIVORCE: EVIDENCE. In an action for dower in land bought and sold by the husband long after his separation from his wife, *held* that defendant could not establish a prior divorce between the parties by the declarations of the husband and the understanding in the neighborhood.

2. ———: ———: PRESUMPTION FROM LONG SEPARATION. In such case, *held* that a divorce could not be presumed from the long separation of the parties,—such presumption being invoked only in aid of innocence and the legitimacy of offspring. (See cases cited in illustration of the rule.)

3. ———: ACTION FOR: INNOCENT PURCHASER: SEPARATION: ESTOPPEL. It is no defense to an action for dower that the defendant is a purchaser in good faith, without notice of the marital relations of his grantor, (*Gano v. Gilruth*, 4 G. Greene, 453; *Felch v. Finch*, 52 Id., 563.) And the fact that the plaintiff has long lived apart from her husband will not create an estoppel.

4. ———: LAND SOLD BY HUSBAND: PURCHASE OF OTHER LAND WITH PROCEEDS. Where a husband sells land in which his wife does not release her dower, and buys other lands with the proceeds, the widow takes dower in both. The rules adopted in the case of an exchange of lands do not apply.

*Appeal from Delaware Circuit Court.*

WEDNESDAY, JUNE 23.

THE plaintiff is guardian of Hannah Hummel, an insane person, and he claims that his ward is the widow of Peter C. Hummel. This action was brought to recover his ward's distributive share in real estate owned by the said Peter in his life-time. Trial to the court, judgment for the defendant, and the plaintiff appeals.

*Bronson & Leroy* and *J. H. Trewin,* for appellant.

*Calvin Yoran,* for appellee.

SEEVERS, J.—There is no serious dispute as to what we regard as the material facts in this case. We find that the

**1. DOWER: divorce: evidence.** plaintiff's ward and Peter C. Hummel were married in the state of Pennsylvania, and lived and cohabited together as husband and wife until about 1852, when they separated, and never afterwards resumed the marital relation. In 1861 Peter C. Hummel obtained title to certain real estate, which in 1874 he sold and conveyed to the defendant. The ward of the plaintiff did not join in such conveyance. There is no record evidence that said parties were divorced. Peter C. Hummel, however, on more than one occasion, stated that a divorce had been granted, and his neighbors, or some of them, so understood. A divorce cannot be thus established, for the reason that in this country there must at one time have existed record evidence of such fact. Counsel for the defendant, however, insist that, although

**2. ——: ——: presumption from long separation.** no record evidence of a divorce has been introduced, one should be presumed. That such a rule obtains, and has been held applicable in some instances, is undoubtedly true. 2 Bish. Mar. & Div., §§ 514–518; *Blanchard v. Lambert*, 43 Iowa, 228. But our attention has not been called to any authority which holds that such rule has been held applicable in any case where neither party has been married again, or has lived and cohabited with another person as husband or wife, and we think no authority can be found which so holds. As we understand, the presumption can only be invoked in aid of innocence and the legitimacy of offspring; nor does it always obtain even in such cases. *Ellis v. Ellis*, 58 Iowa, 720; *Smith v. Smith*, 64 Id., 682.

Because the parties lived separate and apart for so many years, and the fact that the defendant purchased land in reli-

**3. ——: action for: innocent purchaser: separation: estoppel.** ance on the fact that there had been a divorce, and that Peter C. Hummel so stated, the defendant insists that the plaintiff is estopped from claiming a distributive share for his ward in the land. It

is well settled that it is no defense to an action for dower (in this state distributive share) that the defendant is a purchaser in good faith without notice.  2 Scrib. Dower, 29; *Gano v. Gilruth*, 4 G. Greene, 453; *Felch v. Finch*, 52 Iowa, 563.   The mere fact that the parties lived separate and apart from each other will not create an estoppel.

As we understand, Peter C. Hummel purchased other land with the money received from the defendant, and prior to the commencement of this action, an action was commenced to obtain for the ward of the plaintiff her distributive share in the land last purchased, and it is insisted that this fact bars a recovery in this case.   It is insisted that the transaction amounted simply to an exchange of lands, but we do not so understand it.   One tract was sold and conveyed to the defendant, and another tract purchased from another person. The fact that the money received for one tract was paid for the other has no tendency to show that there was an exchange of lands.   Both tracts were purchases and sales.   We therefore have no occasion to consider the rule invoked where there has been an exchange of lands.

4. ——: land sold by husband: purchase of other land with proceeds.

The judgment of the circuit court must be

REVERSED.

# REPORTS

OF

# 𝕮𝖆𝖘𝖊𝖘 𝖎𝖓 𝕷𝖆𝖜 𝖆𝖓𝖉 𝕰𝖖𝖚𝖎𝖙𝖞,

DETERMINED IN THE

# SUPREME COURT

OF

# THE STATE OF IOWA,

AT

## DES MOINES, OCTOBER TERM, A. D. 1886,

IN THE FORTIETH YEAR OF THE STATE.

PRESENT:

HON. AUSTIN ADAMS, CHIEF JUSTICE.
" WILLIAM H. SEEVERS,
" JOSEPH R. REED,
" JAMES H. ROTHROCK,  } JUDGES.
" JOSEPH M. BECK.