## PEIRCE *v.* O'BRIEN and others.

*(Circuit Court, N. D. Iowa, E. D.   November Term, 1886.)*

1. DOWER—WHAT STATUTE GOVERNS.
   In determining the extent of a widow's right in real property alienated by her husband solely in his life-time, the law in force at the time of the alienation governs.
2. SAME—LANDS ALIENATED BY HUSBAND—IMPROVEMENTS BY PURCHASER.
   In determining the value of such a right, improvements made by the purchaser, or his successors, in good faith, supposing their grantor to have been unmarried, and the increased value caused thereby, are to be excluded; and this rule is not affected by a change in the law making the estate of the widow a fee-simple instead of a life-estate.

In Equity. Exceptions to answer.

*Noble & Updegraff* and *Henderson, Hurd & Daniels*, for complainant.
*L. E. Fellows*, for defendants.

SHIRAS, J. From the averments of the bill and answer, it appears that one George S. Peirce died on the eleventh day of July, 1882, leaving complainant his widow, they having been married on the ninth day of March, 1852; that from 1858 until February 2, 1869, the said George

S. Peirce was the owner in fee-simple of 120 acres of lands situated in Alamakee county, Iowa, and that on the last-named day said Peirce sold the lands to one Mary O'Brien, from whom the same passed to the present defendants; that the complainant did not join in the sale or conveyance of the lands; that the said Mary O'Brien and her grantees did not know that George S. Peirce was a married man, and took title in ignorance of the rights of complainant, and have since placed valuable improvements upon the land, in the belief that they were the sole owners of the property.

The main question presented by the exceptions to the answer is whether, in determining the value of the widow's right, the improvements placed upon the property by the defendants, and the increased value caused thereby, are to be included or excluded. The law in force at the time of the alienation by the husband determines the extent of the widow's right. *Young* v. *Wolcott*, 1 Iowa, 174; *Moore* v. *Kent*, 37 Iowa, 20.

In the case of *Felch* v. *Finch*, 52 Iowa, 563, S. C. 3 N. W. Rep. 570, it appeared that the husband conveyed certain lands in December, 1856, the wife not joining in the sale, and in 1876 a petition for assignment of dower was filed, the husband having died in 1862; and it was held that the widow took a life-estate, because that was the extent of her right under the statute in force in 1856, when the lands were alienated by the husband; and "that the widow takes her dower in the value of the property without the improvements put thereon by the labor and money of the grantees of her husband, but including such increased value of the land as has been caused by the general growth and prosperity of the country." It is, however, stated in the conclusion of the opinion that "it will be understood that this case is based upon the statute which was in force at the time the rights of the plaintiff accrued. Since that time the law of dower has been materially changed. It is now held by a different tenure, and possibly may be controlled by different rules. The case at bar must be considered as resting upon its own peculiar facts, and upon the statute in force at the time the rights of the plaintiff as a doweress attached."

It is impossible to determine, with absolute certainty, the meaning that should be attached to this warning and caution. The case involved peculiar facts, and it may be that the court deemed it wise to limit the effect of the decision, without intending to throw doubt upon the correctness of the general rule announced, to-wit, "that the widow shall not profit by the labor and money of the grantee of the husband, expended in enhancing the value of the land," because it is declared that this rule "is founded upon the broadest principles of equity, which preclude one person from reaping that which another has innocently and rightfully sown."

The right of the widow is now, and was in 1869, when the alienation in the present case took place, a fee-simple instead of a life-estate, but just as much now, as under the former statute, the right is in the property of the husband. When an alienation takes place by the husband,

without the wife joining therein, her right is to one-third of the property as owned and possessed by the husband, and not a right to one-third, also, in the improvements put thereon by the labor and money of one in whose property she has no right. I am not able to find anything in the statute of Iowa, changing the right of the wife from a life-estate to one in fee-simple, which indicates the intention of the legislature to change the equitable rule recognized in *Felch* v. *Finch.* The statute now in force (section 2440, Code) declares that "one-third in value of all legal and equitable estates in real property, possessed by the husband at any time during marriage, which have not been sold on execution, or any other judicial sale, and to which the wife has made no relinquishment of her right, shall be set apart as her property in fee-simple, if she survive him."

The clear intent of this language is to confer upon the wife one-third in value of the estate possessed by the husband, and certainly there is nothing in the language used which countenances the idea that it was the intent of the legislature to confer upon the wife, in addition to the one-third in value of the estate as possessed by the husband, a one-third in the value added to the estate as possessed by the husband, by the improvements placed thereon by the husband's grantees. If the contrary was held to be the rule, it would result in preventing the improvement of all property in which the wife's interest had not been conveyed. A person who, as in this case, should purchase and take a conveyance of property from a grantor who was supposed to be unmarried, and should then ascertain that the grantor was in fact married, would practically be debarred from improving the property, if the law was such that one-third in value of the improvements thus put on the land would become the property of the wife, in case she survived her husband. The rule, if adopted, would work with especial hardship in cases of city property, where the value of the buildings in many cases so largely exceeds the value of the lots upon which they are built.

In the interest of the public, it is unwise to burden property in such a manner as to prevent its improvement, and this consideration adds weight to the thought that it could not have been the intent of the legislature, by changing the tenure of the dower right from a life to a fee-simple estate, to also enlarge the extent of the right by including therein the value of improvements placed upon the land by the grantees of the husband, and which formed no part of the estate possessed by the husband. The rule limiting the right of the widow to one-third of the value of the estate, not including the value added thereto by improvements put upon the property by the grantee of the husband, is the general doctrine of the American courts. 2 Scrib. Dower, 573–586; *Thompson* v. *Morrow*, 5 Serg. & R. 289; *Powell* v. *Monson, etc., Manuf'g Co.*, 3 Mason, 347.

Seeing no reason, therefore, why this rule is not as sound a construction of the statute in force in 1869, when the alienation in the present case was made, as it was of the statute in force when *Felch* v. *Finch* was decided, it must be held to be the rule governing this case; and, so far

as the exceptions question the correctness of this interpretation of the statute, the same are overruled.

The exceptions also raise other questions, affecting some matters of form in the answer, but as counsel stated that the main purpose was to settle the rule upon the question already decided, and as the other matters do not in any way affect the merits of the controversy, they will be deemed to be waived, and no ruling is made thereon.