Liginger vs. Field and others.

LIGINGER, Respondent, vs. FIELD and others, Appellants.

*December 2 — December 16, 1890.*

*Estates of decedents: Advancements: Adjudication binding on creditors of heir: Notice: Evidence of advancements: Word "claim" construed.*

1. Upon the final settlement of an estate it was adjudged that one of the heirs had received advancements during the life-time of the intestate equal to his full share in the estate, and that he was not en-

titled to any further share therein. *Held,* that this adjudication was binding upon judgment creditors of said heir, although they had no notice of the proceeding other than the general notice given to all persons interested by publication pursuant to sec. 4050, R. S.

2. The heir in such case had no interest in the estate at the time of the death of the intestate, and the judgment against him did not become a lien upon any part thereof; and the judgment creditors, having no interest in the estate, were not entitled to notice of the proceedings on final settlement.

3. In an action to restrain the judgment creditors of the heir from selling on execution a portion of the real estate of the ancestor, the judgment of the county court is competent evidence to prove the advancements and that they were acknowledged in writing.

4. In such action the heir himself might properly be asked whether the acknowledgment of the advancements was in writing, though he could not properly testify to the contents of the writing.

5. A written acknowledgment by the heir of the receipt of the advancements acknowledged "payment in full up to date for all services rendered, and all *claims,* now and in the future, against [the ancestor] and his estate, living or dead, and that he has no further *claim,* in any shape, manner, or form, against [the ancestor] or heirs or any one else bearing the name." *Held,* that the words *claims* and *claim* refer to the interest of the heir in the estate of the ancestor.

APPEAL from the Circuit Court for *Milwaukee* County.

The action was brought by *Dorothea Liginger,* widow of John B. Liginger, deceased, to restrain the defendants from selling, under an execution, land of which the said John B. Liginger died seised, and to establish the title of the plaintiff as against the claims of the defendants. The facts will sufficiently appear from the opinion. The defendants appeal from a judgment in favor of the plaintiff.

For the appellants there was a brief by *Miller, Noyes & Miller,* and oral argument by *B. K. Miller, Jr.* They contended, *inter alia,* that by the terms of sec. 3961, R. S., an order in reference to advancements is "binding on all persons interested in the estate." Considering the whole scope and object of ch. 169, R. S., and applying the maxim *noscitur a sociis,* it is obvious that the persons interested are

only the administrator or executor, if in possession, and the
heirs and devisees; for secs. 3939 and 3941 speak only of
heirs or devisees or legatees, and sec. 3961 only of the heirs.
Nowhere is any allusion made to judgment creditors or
any person having by operation of law a lien on a special
share of any heir. The moment John B. Liginger died, and
until the decree under sec. 3961, John Liginger had *prima
facie* the legal title to a proportionate share of the real es-
tate as a tenant in common with the rest of the heirs, and
the probate court had no more jurisdiction to adjudicate on
the rights of the defendants than upon any other para-
mount title becoming operative at the death of the intes-
tate. See *Jackson v. Hixon*, 17 Johns. 125; *Jackson v.
Randall*, 5 Cow. 168; *Hyde v. Hyde*, 4 Wend. 630; *Gillett
v. Treganza*, 13 Wis. 472.

*David W. Small*, for the respondent.

ORTON, J. The facts necessary to present the only ques-
tion on this appeal are substantially as follows:

The appellants, *Field, Leiter & Co.*, obtained a judgment
for $300.27 in 1878, in the county court of Milwaukee county,
against John J. Liginger and one George J. Phillips. John
B. Liginger died intestate in the county of Milwaukee,
May 14, 1886, seised in fee of lot 10, block 97, in the said
city of Milwaukee, as also of other lands, leaving the re-
spondent as his widow, and several children as his heirs, of
whom the said John J. Liginger was one. On the 20th
day of July, 1887, an *alias* execution on said judgment was
levied on the interest of the said John J. Liginger in said
lot, and it has been advertised to be sold on said execution.
The deposition of the said John J. Liginger was read in
evidence on the trial, in which he testified that his father
advanced to him $8,000 or $10,000, and that he gave his
father a receipt in full for what was coming to him of his
share of the estate, and that it was a full advancement of

the estate coming to him, and, on cross-examination, that he did not give his father any receipt or note at the time for the $7,000 advanced to him in 1874. This testimony in respect to the advancement was objected to by the counsel of the appellant, on the ground that the statute requires it to be in writing.

At a general term of the county court of Milwaukee county in probate, on the 3d day of May, 1887, sitting on the 14th day of May, 1887, Hon. JOHN E. MANN, Judge, presiding, the final order or judgment of settlement and distribution of the estate of John B. Liginger, deceased, was made and entered, in which it was recited or found that due notice of the time and place of hearing had been given as required by law and the former order of the court, "that the said deceased, in his life-time, gave to John J. Liginger, as advancements, to wit, in the year 1874, the sum of seven thousand dollars, and in the year 1883, one thousand dollars, in cash, which amount exceeds the share to which the said John J. Liginger would be entitled in the estate of said intestate, both real and personal, and which are further expressed in an instrument in writing dated December 3, 1883, and acknowledged by the said John J. Liginger as such; and, among other things, that he acknowledges payment in full up to date for all services rendered, and all claims, now and in the future, against the said John B. Liginger and his estate, living or dead, and that he has no further claim, in any shape, manner, or form, against the said John B. Liginger, his father, or heirs, or any one else bearing the name of Liginger." It was further recited or found therein that all the heirs of said estate, on the 25th day of May, 1886, gave to the respondent, the widow of said deceased, a quitclaim deed of all their estate, right, title, interest, and claim to certain real estate belonging to said John B. Liginger at the time of his decease, of which the lot in question was a part. It was therein adjudged

"that John J. Liginger, one of the heirs at law of said John
B. Liginger, deceased, received as advancements from the in-
testate during his life-time certain sums of money, aggre-
gating in the whole to eight thousand dollars, and which
are equal to his full share in said estate as a child and heir
at law of the said deceased;" and it was thereby adjudged
and decreed that "he had and was not entitled to any share
in the estate of said intestate, at the time of his decease or
thereafter." It was also adjudged that the residue of the
personal estate be assigned to the respondent, the widow of
said deceased, and that all of said real estate be also as-
signed to her, and that her administration of said estate is
thereby finally settled, and she released and discharged
from all further liability, and her bond canceled.

This action is brought to restrain the sale of said lot on
said execution, and to bar any supposed interest or title of
the defendants therein. The defendants in their answer
denied that they had threatened to levy said execution upon
the personal property so assigned to the respondent, so that
said lot is the only property in question.

The claim of the appellants is obvious, that at the decease
of the said John B. Liginger their said judgment became a
lien on said property to the extent of the interest of the
said John J. Liginger, which has never been divested, can-
celed, or removed by any judicial proceeding of which they
have had any notice. I do not understand that the pro-
ceedings of the county court above stated are questioned,
except that they are void and of no effect as to the appel-
lants, the plaintiffs in said judgment, for want of notice to
them. I ought to say, however, that the learned counsel of
the appellants contend that the use of the words "claims"
and "claim" in the written instrument acknowledging the
advancements to the said John J. Liginger is insufficient to
release his interest in the real estate of the intestate, and
must mean some other claim due him from his father. The

connection in which these words are used very clearly shows that they had reference to his interest in the estate of his father. The words "estate" and "heirs" used would be meaningless otherwise.

The learned counsel contends, with some plausibility, that the statutory notice in such a case is only to those who have an immediate interest in the estate, and not to those who have a collateral interest in the estate of the heir, as in this case.

1. From the nature and effect of such an order or judgment as to advancements made by the deceased to any heir, it is binding on everybody who is interested in that question. The statute[1] confers on the county court the fullest jurisdiction to make it. It is like an allowance of a claim against or in favor of the estate. This is one of the acts to be done in the administration and settlement of the estate, and necessary to the final distribution. It is not an original proceeding for which notice is to be given, in addition to that for the final settlement and distribution. The court must find whether any advancements have been made to any of the heirs, and the amount thereof in respect to the value of their shares of the estate, before distribution can be made. If such a finding is not conclusive upon a judgment creditor of one of the heirs, and is an open question in the case, then all the heirs must be made parties, because they hold among them the share of the said John J. in the real estate by the distribution; and if the court should find that no advancement was in fact made to him, they must part with that interest. If they have conveyed their shares, then all of such grantees must be made parties. Such an adjudication in this case would break up the final settlement and distribution entirely. Can it be possible that the determination of that question by the county court is not conclusive on all the world? To hold other-

---

[1] R. S. sec. 3961.— REP.

wise would work infinite mischief, and there would be no such thing as a *final* order of distribution or of settlement. If the deceased had left a will by which the said John J. was disinherited so far as the real estate was concerned, should the appellants have special notice, other than that the statute requires, of the probate of the will? If so, and they have had no such notice, then they could contest the will at any time thereafter, and yet they could have the same interest by a judgment lien on his share of it, as here. Sec. 3945, R. S., provides that the distribution may be made to the grantees of the heirs. Must they have such special notice? It is to be made in the same manner as to the heir. In case of the necessity to sell lands to pay debts, must such a judgment creditor of one of the heirs have such special notice other than that which the statute requires in sec. 4059, R. S.? It is sufficient that the statute requires no other notice to be given of any matter to be determined in the administration of estates.

It is quite clear that the county court had jurisdiction to make such order or judgment *final* to all the world. Must the administrator search the records of all the courts to find judgments against any of the heirs, and give a special notice to each judgment creditor before the final settlement and distribution of the estate can be made? It is singular that there should be such an important omission in the statute.

2. The appellants had no interest in the estate of the said John J. They held no lien by their judgment on his share of the estate, for the reason that he had no share in the estate. His interest became vested at the death of his father, if he had any. The adjudication of the question of advancements to him dates back, by relation, to that time. He had received his share of the estate long before his father's death. The advancement was a part of the estate (sec. 3956, R. S.), and he had received it as his part of the

estate, and his creditors had the advantage of it once. When his father died, he had no share in his estate for the appellants' judgment to be a lien upon. The adjudication did not divest him of any interest in the estate. It only determined the fact that he had no interest at that time, because he had already received it. Such is the statute, and such is the general doctrine. Crossw. Ex'rs & Adm'rs, §§ 527, 528. The said John J. Liginger had no more interest in the estate than if he had conveyed it before his father's death. *Stevens v. Palmer*, 15 Gray, 505; *Brown v. Snell*, 46 Me. 490. Where the share of an heir has been sold, the purchaser takes it subject to any setoff against it. *Hay v. Green*, 12 Cush. 282. A trustee process cannot be served on the heir, so as to bind his distributive share of the estate, until he has it, or in advance of administration. *Davis v. Davis*, 2 Cush. 111. The lien of the attachment by trustee process is only on the estate that is finally in the hands of the administrator after the sale of the land and final settlement. *Boston Bank v. Minot*, 3 Met. 507. An attachment covers only what the distributee will eventually be entitled to receive as his share of the estate. *Holbrook v. Waters*, 19 Pick. 354. If the attachment is served before distribution, it is yet uncertain what the heir may have, if anything, and it lies only on what it shall finally be determined is his share. *Wheeler v. Bowen*, 20 Pick. 563; Crossw. Ex'rs & Adm'rs, §§ 527, 528. It follows that the appellants did not require any notice of the order or judgment, and were not entitled to any, because they had no possible interest in the estate or the shares of any of the heirs. They never had any lien on the share of the said John J. The lien of their judgment never attached to his share at the death of the intestate, because he then had no share or interest whatever. He had long before received it in full.

The order or judgment of the county court was competent evidence to prove the advancement and that it was

Hempsted vs. The Wisconsin Marine & Fire Ins. Co. Bank.

acknowledged in writing. Such, also, was the testimony of the said John J. Liginger. He was properly asked whether it was in writing. The testimony of its contents was improper, but a witness may be asked whether a certain contract was in writing, in order to lay the foundation for proving it. The respondent showed full title to the lot. The appellants had no right to levy the execution or cast any cloud upon it, and they were properly enjoined from selling it. It is unnecessary to consider any other questions presented by the learned counsel of the appellants in their briefs.

*By the Court.*— The judgment of the circuit court is affirmed.