C. W. PINCKNEY, *et al.* v. MARY J. PINCKNEY *et al.*, Defendants, SARAH A. COLLIE, Appellant.

**Recording Acts:** ADVANCEMENTS: *Purchaser at execution sale.* Code, section 2925, providing that no instrument affecting real estate is of any validity against subsequent *bona fide* purchasers unless recorded in the county in which the same lies, does not apply to a son's receipt for an advancement made by his father, and an execution purchaser of the son's interest in the realty acquires only the interest in excess of the advancement.

*Appeal from Madison District Court.*—HON. A. W. WILKINSON, Judge.

THURSDAY, OCTOBER 3, 1901.

THIS is an action between the widow and the heirs at law of J. W. Pinckney, deceased, for the partition of certain real estate belonging to the estate of said Pinckney. The issues here arise upon the claim of Sarah A. Collie as a purchaser at execution sale of the interest of one of the heirs.

The facts will be set out in the opinion. From an adverse decree, Sarah A. Collie appeals.—*Affirmed.*

*Steele & Robbins* for appellant.

*W. O. Lucas* and *John A. Guiher* for appellees.

Waterman, J.—J. W. Pinckney died intestate on the twenty-fifth day of April, 1898, seised of the real estate in question, leaving surviving him his widow and a number of children, including John W. Pinckney, whose interest gives rise to this controversy. Some years prior to his death, J. W. Pinckney had made an advancement to this son of $1,000, taking his receipt and acknowledgment therefor. After the death of the father, Sarah A. Collie brought suit by attachment against John W. Pinckney, and caused the writ to be levied upon his interest in the real estate involved herein. Later she obtained judgment, and upon a sale under special execution she bought in said property. At the time of such levy and sale Sarah A. Collie had no knowledge that an advancement had been made to John W. Pinckney, and she now denies the right of the others interested to have the amount of the advancement considered as a part of his interest in the estate; in other words, she claims to have taken under her purchase at execution sale the share which would have gone to John W. Pinckney if no advancement had been made. The trial court awarded her such interest in the property as "John W. Pinckney would have been entitled to in excess of the said advancement." The general rule is that a purchaser of an heir's interest takes subject to all advancements made to him. *Steele v. Frierson,* 85 Tenn. 430 (3 S. W. Rep. 649). The proposition stated also has some support in what is said in the case of *Liginger v. Field,* 78 Wis. 367 (47 N. W. Rep. 613). Ordinarily, the doctrine of *caveat emptor* applies to a purchaser at judicial sale. *Burns v. Hamilton's Adm'r,* 70 Am. Dec. 572, note. *Jones v. Blumenstein,* 77 Iowa, 361. Appellant claims, however,

that her rights are saved by section 2925 of the Code, which is as follows: "No instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration' without notice unless recorded in the office of the recorder of the county in which the same lies, as hereinafter provided." A judgment creditor purchasing at execution sale is entitled to protection under this section, at least in the absence of controlling equities. *Weaver v. Carpenter,* 42 Iowa, 343; *Gower v. Doheny,* 33 Iowa, 36; *Walker v. Elston,* 21 Iowa, 529. But it is pertinent to ask, against what is this protection assured? The Code provision says, in effect, it is against unrecorded instruments affecting real estate. Clearly, this receipt is not such an instrument. The right of the estate to charge the advancement against the heir would have been the same had no receipt or acknowledgment been given. It seems clear that the instruments referred to in this section are those which are entitled to be recorded, and a receipt is not of that class. When the instrument is of a kind that recording is unnecessary, as a certificate of purchase from the United States, or a transfer thereof, this section does not apply. *Klein's Heirs v. Argenbright,* 26 Iowa, 493; *David v. Rickabaugh,* 32 Iowa, 540; *Harmon v. Clayton,* 51 Iowa, 36. Neither is such a claim as a widow's right to dower affected by the provisions of this section. *Cruzie v. Bellmire,* 69 Iowa, 397; *Kendall v. Kendall,* 42 Iowa, 464; *Butler v. Fitgerald,* 43 Neb. 192 (61 N. W. Rep. 640). In principle the claim to a credit for the advancement is much like the right of dower. Appellant relies upon the cases of *Ettenheimer v. Northgraves,* 75 Iowa, 28, and *Finch v. Garrett,* 102 Iowa, 381; but, in our opinion, neither of these decisions gives any support to her claim. In the first one the equity against which the execution purchaser was given protection was founded upon an unrecorded mortgage, and in the other it was found as a fact that the purchaser had notice of the advancement, but nothing is said to indicate that the holding of the court would have been differ-

ent had there been no such notice. Our conclusion is that
the receipt we have here is not an instrument affecting real
estate, within the meaning of section 2925, and that the gen-
eral rule to which we have above referred applies. Under
this rule Sarah A. Collie, by her purchase at execution sale,
acquired only the debtor's actual interest in the estate, which
was his share as heir, less the advancement. As this was
awarded her by the trial court, its judgment will be AF-
FIRMED.