Dillon, J.
The father of the parties in this ease, now deceased, in his lifetime made certain advancements to the plaintiff herein, *126 partly in real estate and partly in personalty, by reason of which upon his death in 1895 after the exhaustion of the personal property to equalize the advancements as far as possible, the plaintiff had, by reason of his advancements, received out of the estate $707.25 more than his sister Ida. There still remained to be divided among the heirs some forty-eight lots situated in the city of Columbus, Ohio.
The present, -action is in partition, brought by the plaintiff,- and the - fact is shown that prior to 'his bringing this action, he purchased for a valuable consideration the interest of his' sister Ida, a quit-claim deed being executed by her in which she- conveyed to the plaintiff all her interest in and to said lots. The interest which the said Ida possessed in said lots as ah heir, exclusive of any considerations by reason of advancement, was an undivided one-ninth. It is now claimed by the plaintiff that he acquired by virtue of said purchase and deed not only the undivided -one-ninth interest of said Ida in said real estate, but also all other claim and interest which she had in said real estate in addition thereto, which would accrue to her by reason of her legal claim for such additional interest in said real estate as would equalize her with the said plaintiff.
It is- settled in -common law as well as by statute (4171) that if the advancement to a -child be made in real estate, the value shall be considered and take-n as a part of the real estate to be divided, and if in money or other personal estate, it shall be taken and considered as a part of the personal estate to be distributed; and it" is further well settled that if the personal estate for distribution to the heirs is insufficient to equalize the other heirs, then the same shall be done by an increased portion of the realty.
So far as a precedent is concerned, counsel have been unable to aid the -court except in so far as we have the incidental comment of the deciding judge adverting to the subject in the case of Fels v. Fels, 1 C. C., 420-426. This case must -be decided upon a consideration of the theory and nature of advancement and of the rights- and remedies of parties to advancement. An advancement, being a free-, irrevocable transfer of property by a parent in his lifetime to -a child, in anticipation of the share *127 of the 'estate which the donee would receive in' the event of the donor’s dying intestate, it has become well' settled that such an advancement is not a loan. Nor is it a debt to be repaid. Such an advancement is no part of the estate upon which an administrator can collect or charge commissions, and can only be considered on distribution. Neither does it create an indebtedness from the child so receiving to ‘his co-heirs, and if it should subsequently come to pass that the estate was not sufficient to give each of the other heirs an equal share, it does not give either of these heirs a right of action to recover the difference from the favored heir. Indeed the only liability of such donee by way of advancement is his liability of receiving a correspondingly less portion of the estate. It follows that by reason of the nature of the advancement, that the other heirs’ interest in the deceased’s estate becomes increased by that much. The donee in advancement can not by transfer or deed convey away his full heirship interest in the estate, and in ease he should so attempt the grantee in his deed would take the title subject to all advancement' to his grantor and would receive only that interest which would remain after the other heirs 'had been equalized with the grantor (Steele v. Frierson, 85 Tenn., 430).
Likewise if a creditor of the plaintiff in this case had levied upon or attached his interest, it has been decided that his actual interest as an heir would not be thus seized, but only the' interest which ’he would possess -after the other heirs had been equalized (Liginer v. Field, 78 Wis., 367).
The law, therefore, has recognized the interest such as the plaintiff possessed in this case, as a definite, fixed interest, subject to transfer or to levy, execution and sale. The fact that the exact interest has not yet been determined does not suffice to lessen its character as a transferable interest. On the other hand, what was the nature of the interest of the sister Ida in this ease? Was it merely an undivided one-ninth interest and then a separate right or claim to. assert, maintain and have subsequently determined an additional interest, or didn’t hef interest in said real estate consist not only of the one-ninth, to which she was entitled ais an heir, but also by virtue of law *128 such a definite, increased interest in the real estate existing from the time of the ancestor’s death, as might be transferred by her by deed? The law casting this extra interest in and to said real estate upon her was just as certain as the law of descents itself. And, therefore, while one law upon the death of the ancestor cast upon her a title to the undivided one-ninth interest, another principle of law at the same time and in just as good and certain right cast upon her an additional interest. Recognizing, therefore, that no error in judgment, or mistake as to law, if such may have existed, can not be pleaded and that this case must be decided upon the effect of the quit-claim deed, I have concluded that the deed of Ida to her said brother conveying all her interest in said real estate, transferred to him not only her undivided one-ninth interest, but such additional interest as she 'had by reason of the advancement to plaintiff.
M. E. Thrailhill, for plaintiff.
Kinhead, Merwine & Schumacher, for defendants.
Decree of partition and judgment accordingly. Appeal bond $100.