ELLEN P. McNamara, Appellee, v. JAMES F. McNamara, et al, Appellees. A. O. HAUGE, Appellant.

**Co-tenants:** SALE OF UNDIVIDED SHARE: BONA FIDE PURCHASER. A purchaser at judicial sale of the interest of one co-tenant in land takes the title charged with the equities of other co-tenants in possession, although their equities were not evidenced by any recorded instrument.

**Same:** CONTRIBUTION. Co-tenants are liable for the purchase price and for liens against the common property in proportion to their respective interests; and if one pays more than his share in either case he is entitled to contribution from his co-tenants and to a lien upon the property to secure the payment.

**Same.** The statute requiring instruments affecting real estate to be recorded to be effective as against subsequent purchasers has relation to instruments entitled to be recorded; it does not apply to the right of one co-tenant who has discharged a mortgage upon the common property to contribution from the other co-tenants.

**Same.** A purchaser at judicial sale of the interest of an heir becomes a co-tenant with the other heirs; and in partition proceedings his share is chargeable with its proportion of a drainage tax against the common property, paid by one of the heirs after the sale at which he purchased.

*Appeal from Wright District Court.*—HON. C. G. LEE, Judge.

SATURDAY, NOVEMBER 28, 1914.

ACTION in partition. Defendant Hauge is the owner of the interest of Mrs. Elizabeth McNamara Nelson, one of the heirs, by purchase at execution sale. The trial court charged

this interest with a portion of a purchase-money mortgage, executed by Mrs. Nelson and other heirs, for the share of Wm. H. McNamara, another heir. Hauge appeals.—*Affirmed.*

*Stewart & Hextell* and *Ladd & Rodgers,* for appellant.

* *Birdsall & Birdsall,* for appellee.

*Patrick C. Barry* and *Nagle & Nagle,* for other appellees.

PRESTON, J.—I. Patrick McNamara died intestate in 1898, leaving plaintiff, his widow, and several sons and daughters. He died seised of five hundred and sixty acres of land. In 1904 plaintiff and some of the heirs, including Elizabeth McNamara Nelson, purchased the interest of Wm. H. McNamara and received a deed therefor. They borrowed the money of one Svennesen to pay for the share of Wm. H., and executed their note and mortgage on one hundred and sixty acres of the land. The note was for $1,800, and the mortgage was not recorded. Plaintiff paid some of the interest on this note. J. F. McNamara, another heir, and a party to this suit, paid the principal and some of the interest. He paid in all the sum of $2,814.80 for the benefit of the other interests who had purchased the share of Wm. H. The last payment by J. F. was about August, 1911. The other heirs have not repaid J. F. for the money so paid by him. Plaintiff asks that such payments be made a lien on the shares of those who had signed the note and mortgage. This is not resisted by any of the parties except appellant Hauge. The widow has been in possession of the land for herself and the heirs from the time of the death of her husband to the time this action was brought.

In February, 1912, Della Eldridge began proceedings against Elizabeth McNamara Nelson and her husband, which action was aided by attachment. The writ was levied upon the undivided interest of Mrs. Nelson in all of the land

enumerated in the petition. Judgment was entered May 9, 1912, and the property sold to Della Eldridge June, 1912, and. she received a sheriff's certificate therefor. May 14, 1912, the Iowa Trust & Savings Bank, of which Hauge was an officer, also sued out an attachment, obtained judgment, and on October 24, 1912, the undivided portion of Mrs. Nelson was sold at sheriff's sale to satisfy the judgment. This interest was purchased by appellant, Hauge, for $2,800, and, in pursuance to said sale, a sheriff's certificate was delivered to him. Later. the sheriff's certificate issued to Della Eldridge was purchased by Hauge, and at the time of the trial he was the owner of both certificates.

A drainage ditch tax had been assessed against the land, or a part of it, and after the sheriff's sale a part of this drainage tax was paid by plaintiff, and she asked that this be made a lien upon the lands and the interests of defendants in connection with her own; that the money paid for the purchase price of the interest of Wm. H. McNamara be made a lien upon the real estate, and that plaintiff and each of the defendants be required to pay their respective portions of said claim; that the claim of defendants Eldridge and Hauge be decreed to be a lien only upon the interest of Mrs. Nelson; and that said claim established against that portion set off to Mrs. Nelson.

Appellant, Hauge, claims that he had no notice of the Svennesen mortgage and the arrangement between the heirs until after the sheriff's sale to him, although he admits he knew that Wm. H. McNamara had sold his share to the plaintiff and the heirs. This conveyance was shown on the abstract of title. Plaintiff claims that Hauge did have actual notice. The only dispute in the evidence is as to this point, and it will be referred to later.

The trial court confirmed the shares of the different parties, decreed partition, and that, as defendant, J. F. McNamara has paid the note and interest (except the interest for one year, which was paid by the plaintiff), and that said mort-

gage should be established and enforced for the purpose of securing the repayment of said money against said real estate, and that the amount paid to take up said note, with the interest thereon, was the sum of $2,981.31, of which amount J. F. McNamara paid $2,814.80, and that:

The interest in said land held by the defendant Hauge is only liable for its proportion of said latter sum, and that the plaintiff and the defendants are each required to pay the following amounts, respectively: A. O. Hauge $351.85, . . . and that the respective amounts to be paid by each of them respectively be made a lien upon the respective tracts set apart to them; that a certain special ditch or drainage tax was assessed and levied upon said lands, of which tax the plaintiff paid, on March 22, 1912, $206.98, and on March 31, 1913, $171.12, which payments were necessary for the protection of said lands, and that defendants should contribute their just proportions thereof; that the payment of $171.12 was made after the sheriff's sale of said lands, and the defendant A. O. Hauge should pay his proportion thereof, $14.26, . . . and that said respective sums to be paid by each respectively as above stated be made a lien upon the real estate set apart to them.

Appellant relies upon section 2925 of the Code, which provides:

No instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration, without notice, unless recorded in the office of the recorder of the county in which the same lies, as hereinafter provided.

The claim is that, where a judgment creditor becomes a purchaser of real estate sold at an execution sale, he will be protected from an unrecorded deed or outstanding equity of which he had no notice at the time of the purchase, and that he stands on the same footing in this respect as any other bona fide purchaser. He cites *Gower v. Doheney,* 33 Iowa, 36; *Weaver v. Carpenter,* 42 Iowa, 347; *Cooley v. Wil-*

1. CO-TENANTS: sale of undivided share: bona fide purchaser.

*son,* 42 Iowa, 425; *Bear v. Ry. Co.,* 48 Iowa, 628; *Koch v. West,* 118 Iowa, 473; *Hendryx v. Evans,* 120 Iowa, 315; *Bush v. Herring,* 113 Iowa, 158; 2 Pomeroy on Equity (3d Ed.), section 724.

As we understand it, counsel for appellees do not deny that such is the rule ordinarily, but contend that section 2925 and the rule of the cases cited does not apply in this case, because the plaintiff and the heirs were cotenants, and that Hauge became one of them after the purchase by him of the share of Mrs. Nelson. The contention for appellees is that one who purchases land while it is in the actual possession of another takes it with notice of all the existing rights and equities of the persons in possession, and defendant was charged with notice of the rights of the parties holding the mortgage that they were in the actual possession at the time of appellant's purchase, citing *Phillips v. Blair,* 38 Iowa, 649, 656; *Benbow v. Boyer,* 89 Iowa, 494, 498. They also cite *Rippe v. Badger,* 125 Iowa, 725, and *Pinckney v. Collie,* 114 Iowa, 441, which, we think, rule in this case.

The McNamara heirs were cotenants, and the purchase by appellant of the interest of Mrs. Nelson on execution did not sever the relation, but appellant, as purchaser, became a cotenant with the other parties, and, as such, must pay his portion of the purchase price for the interest of Wm. H. McNamara, which was purchased by the other cotenants, and for the purchase price of which the mortgage was given by them and paid by J. F. McNamara. The rule of the last two cases is that cotenants are liable for the purchase price of the common property, and for the liens and incumbrances against it, in proportion to their respective interests, and if one cotenant pays off the lien, or pays more than his share thereof, or if he pays more than his share of the purchase price, he is entitled to contribution from his cotenants for his proportion, and has a lien upon the property to secure the payment thereof.

2. SAME: contribution.

In the *Pinckney* case the question was in regard to an

advancement, and in the *Rippe* case the mortgages were duly recorded, but they were released of record two months before the execution sale.

In the instant case it is not so much a question as to whether Hauge had notice of the Svennesen mortgage as it is whether J. F. McNamara, one of the cotenants, having paid the purchase price of the Wm. H. McNamara interest and the lien therefor created by the mortgage, is entitled to contribution.

The situation in this case is not controlled by section 2925 of the Code. Ordinarily, the doctrine of caveat emptor applies to a judicial sale, and, under the provisions of the above

3. SAME.

section, a party purchasing at an execution sale, without notice of outstanding equities, would ordinarily be protected, in the absence of controlling equities. But against what is he protected? Against unrecorded instruments affecting real estate. The instruments referred to in said section are those that are entitled to be recorded. The claim of appellees for the payment of the Svennesen mortgage is not of that class. While it is not necessary, perhaps, to determine the matter, there was evidence tending to show that appellant did have actual notice of the Svennesen mortgage and the arrangement between the plaintiff and heirs in regard to the purchase and payment for the Wm. H. McNamara share. J. F. McNamara testifies that he so told appellant before the execution sale. True, he does not give the date other than by stating it was some time before. This is denied by appellant. He admits one or more conversations with J. F. McNamara on that subject, but says that they were after the sale; one of them the next day after. He admits, also, that the abstract of title, which he has, shows the sale of the Wm. H. McNamara interest, and that he knew this before the sale.

The evidence is very nearly evenly balanced, but we would be inclined to hold that there is a preponderance in favor of plaintiff.

II. What has been said applies in part to the payment by plaintiff of the drainage tax. After appellant purchased the share of Mrs. Nelson he became a tenant in common with the others, or would when he obtained a sheriff's deed. He was claiming to be the owner of her share by virtue of his sheriff's certificate. The court charged his share with only that part of the drainage tax which was paid by plaintiff after the execution sale. In .his answer appellant alleged that there should be an accounting by the widow for rents and profits, but this has not been argued. There was no evidence or claim of any ouster by her.

4. SAME:

We conclude that the decree was right, and it is— *Affirmed.*

LADD, C. J., and EVANS and WEAVER, JJ., concur.