## RAKESTRAW v. HAMILTON.

1. JUDICIAL SALE. The purchaser of personal property sold at judicial sale acquires only the right and title of the judgment defendant at the time of the levy of execution; and takes the same subject to the rights of prior purchasers.

2. VENDOR'S LIEN. The lien of a vendor of real estate for the unpaid purchase-money passes, as an equitable incident to the assignee of the notes executed for such purchase-money, but it can·be made available only by proper proceedings to enforce and establish it. It can be made operative only against the realty.

*Appeal from Mahaska District Court.*

- TUESDAY, DECEMBER 2.

AN action in the nature of trespass or trover, to recover damages of the defendant for forcibly taking from the premises of the plaintiff one steam boiler and chest, one pair of trucks, one fly wheel and shaft, one smoke pipe, &c., being a part of the fixtures of what was a steam saw mill, before the same was burnt down. The defendant claimed a superior title and right of possession to the same, and in his favor the court trying the case found, and rendered a judgment, whereupon the plaintiff appealed.

The facts in support of the action and those constituting the defense, were all agreed upon in writing and signed by the parties, and made a part of the record, and are as follows, to wit:

1. "It is admitted that Elias Brown was the owner of the property described in the petition, and that said Brown obtained said title by virtue of a purchase of said mill property described in a certain contract executed between Hamilton & McLaughlin on the one part, and Elias Brown on the other, of which the following is a copy:

"Articles of agreement made and entered into this 20th day of March, 1858, by and between Hamilton & McLaughlin of Powesheik County, State of Iowa, of the first part, and Elias Brown of the same place of the second part, witnesseth, that the said Hamilton & McLaughlin doth on

their part, for the consideration hereinafter mentioned, agree to sell to the said Brown, the following premises and property, viz.: two acres of land lying in a square in the S. E. corner of the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 20, township 78, N. of R. 15 W., together with the steam saw mill and dwelling-house situate thereon, also the appurtenances and fixtures thereunto belonging. Said Hamilton & McLaughlin to make, or cause to be made, a sufficient warranty deed to the said Brown in two years from the date of this instrument, to the above described premises. They further agree to give said Brown immediate possession of said premises. And the said Brown for the consideration of the foregoing described premises, doth on his part agree and bind himself to pay to the said Hamilton & McLaughlin the sum of twenty-eight hundred dollars, as follows, to wit: to lift one certain note, held by Milton Rakestraw against O. Hambleton, amounting to two hundred and ninety-four $\frac{17}{100}$ dollars; also pay to L. Hambleton $225 within ten days from this date; also pay to L. Hambleton $225 within ninety days from this date; also pay to George McLaughlin $75 within ten days from this date; also deliver to O. Hamilton within ten days, two certain large mares together with wagon and harness which I now own, at four hundred dollars; give Hamilton & McLaughlin a note payable on the 20th day of December, 1858, for $300; also give Hamilton & McLaughlin a note for $600, payable in one year from this date of this instrument; also a note for $280.90, payable in eighteen months from this date; also a note for $400, payable in two years from the date of this article; all of the above payments to bear ten per cent from date till paid. It is further understood that all of said payments, with the interest thereon, are to be met and fully paid previous to the making of a deed to the aforesaid described premises.

(Signed)     HAMILTON & McLAUGHLIN.
ELIAS BROWN."

2. That the said Brown sold and delivered the property in controversy on the 7th day of February, 1861, to the plaintiff.

3. That the same was moved to the premises of the plaintiff on the 8th day of February, 1861, and that defendant on the 8th day of February, 1861, took and carried the same away and converted the same to his own use in the manner hereinafter stated, and that said* property was worth $350.

4. That Hamilton & McLaughlin sold certain real estate to Elias Brown, and gave him a bond to convey the same to him, a copy thereof being attached to defendant's answer.

5. That on said property was situated a steam saw mill consisting of frame-work placed on top of the ground.

6. That two of the notes mentioned in said bond were assigned to defendant, who brought a suit thereon, in the District Court of Powesheik County, and on the 7th day of February, 1861, obtained a judgment thereon; .that said suit was an ordinary one on said notes—no proceedings being had in said cause to enforce a vendor's lien, nor did said judgment pretend to enforce any such lien; that an ordinary execution was issued on said judgment; that the same was levied upon said property and defendant took and carried the same away by reason of the levy so made; that plaintiff forbid the said levy, which defendant knew; that said levy was made under direction of defendant, he being present, aiding therein; that said property was afterwards sold by the sheriff; that defendant became the purchaser; that at and after the sale defendant and the sheriff treated the same as personal property.

7. That on the 22d of May, 1860, said saw mill was accidentally destroyed by fire, by which the property mentioned in petition was entirely severed from the realty and the same after said fire was treated and recognized by said Brown as personal property.

8. That the same remained in the possession of said Brown for about nine months and until said Brown sold the same to plaintiff, and that said Brown after the fire never intended to rebuild the mill or to re-attach said property to the realty.

9. That the property was once a part of the mill mentioned in the contract.

10. That the steam mill was affixed to the land in the manner following, to wit: Mud sills were laid upon the ground and a regular frame made and placed upon the mud sills; that the frame was about thirty feet wide and about forty-five feet long and the post on one side about eighteen feet high and on the other about ten or twelve feet; that the frame was regular, covered with plank and boards upon the sides and ends and a good roof made in the ordinary manner with rafters, lath and shingles, and that the machinery of said mill was fastened to said frame by iron screws, bands and bolts.

11. That the note mentioned in the said contract, as held by the plaintiff against O. Hamilton, one of the firm of Hamilton & McLaughlin, for the sum of $294.17, and which Brown agreed to pay, was lifted in the manner following, to wit: Brown paid said plaintiff $20 in money and his note for the balance, and that said Brown sold this said property to plaintiff in payment of said note so given, it being a balance on the original debt mentioned in said contract.

12. That said machinery was attached to said frames for the express purpose of manufacturing lumber, and that the mill was erected upon the land by Hamilton & McLaughlin prior to the sale by them to Brown.

13. It is further agreed that the sheriff levied upon the land upon which the mill was situated, it being the same land described in the contract of sale from Hamilton & McLaughlin, and sold the same to defendant at sheriff's

sale on the same day that he sold the other property, but that they were offered and sold separately and distinct from each other.

If, upon the foregoing statement of facts and the evidence herein agreed to be submitted, the court shall find that the title to the property in dispute was in plaintiff and that he owned the same, then it is agreed that plaintiff shall have a judgment for the sum of three hundred and fifty dollars and costs of suit; but if the court shall find that the title to said property was not in the plaintiff the judgment shall be rendered in favor of defendant for costs of suit.

(Signed)        MICKEL & BALLARD,
          Attorneys for plaintiff.
       M. E. CUTTS,
          Attorney for defendant."

Upon the foregoing statement of facts the court found for the defendant, and rendered a judgment against the plaintiff for costs.

*Seevers* for appellant.

*Cutts* for appellee.

LOWE, J.— Under the facts stated the law of this case is with the plaintiff. In his purchase from Brown the plaintiff acquired both the equitable title and the possession of the property in question, and this was a higher and a better right than the defendant obtained under his levy and purchase at sheriff's sale, for both levy and purchase were subsequent in point of time to the plaintiff's purchase.

Again, whilst it is true that the defendant, in obtaining the ownership by assignment of one or more of the notes which Brown had given in the purchase of the saw-mill premises, acquired with them, as an equitable incident, the vendor's lien which Hamilton & McLaughlin had, still such lien availed him nothing in strengthening his title to the

property in controversy, for the reason that he had not resorted to the proper proceedings to enforce and have the same established. And we may add, moreover, that even if he had adopted some equitable proceeding for this purpose and procured the lien to be recognized, it could only have been declared operative upon and established against the realty. It will be observed that according to the agreed statement of facts both parties considered and treated the property in question as personal property. If then the defendant's inoperative or unestablished lien did not have the effect to carry his title back to the date of Brown's purchase or behind the plaintiff's purchase of Brown, what did he get by his levy and sale of the property under execution? Simply nothing; for Brown had before such levy parted with whatever interest he had in the property to the plaintiff and that, too, to satisfy a claim which by the terms of the original agreement was to be a lien upon the property. Not only so, but by making such levy and taking the property out of the possession of the plaintiff he became a trespasser and is amenable to plaintiff for the value thereof. It was stipulated that if the title should be found in the plaintiff he should have judgment for $350 and cost. Such a judgment will now be rendered in this court and the one below

Reversed.