## Sears v. Sellew.

1. **Reference of actions: AFFIDAVIT OF REFEREE.** Objection was made that the report of the referee, to whom an action was referred, was not accompanied by the affidavit or oath for the faithful performance of his duty, as prescribed by section 3100 of the Revision. *Held,* that evidence that it was made, but afterward lost, showed a sufficient compliance with the statute.

2. —— **PRACTICE.** The findings of fact by a referee will not be reviewed on appeal to the Supreme Court, under a certificate that the evidence embodied in the record is the *substance* of all the evidence that was received by the referee.

3. **Tenants in common: LIABILITY FOR RENTS: DISSEIZIN.** The rule that a tenant in common is not liable to his co-tenant for rents and profits of the land received by him unless he received more than his share, does not apply where he disseizes his co-tenant and ousts him of the possession.

Sears v. Sellew.

4. —— RULE EXEMPLIFIED. It is accordingly *held*, that if A. disseizes his co-tenant B., it is no defense, in an action against him by B. to recover rents and profits, that in fact he has received or realized nothing from the land during the dispossession; and B. may recover what the rents and profits were worth, without regard to the inquiry as to whether A. in fact collected rents or received profits.

5. —— DISCHARGE OF INCUMBRANCES. One tenant in common who pays taxes or discharges other incumbrances against the joint property, may compel his co-tenant to contribute.

*Appeal from Jackson District Court.*

THURSDAY, APRIL 21.

THIS is an action to recover the value of the rents and profits of an undivided interest in certain lands. Plaintiff and defendant each owned an undivided one-half of the lands, all of which were in the possession of defendant and occupied by his tenant, H. B. Miller, who leased them for one year to John Miller. H. B. and John Miller were joined as defendants. Plaintiff claimed also against Sellew an amount due him for taxes paid upon the land, over and above the one-half thereof. The cause was referred. Upon the report of the referee judgment was rendered against Sellew and H. B. Miller, for the amount found as the one-half of the value of the rents of the land, and against Sellew alone for the amount claimed by plaintiff on account of taxes paid by him. The findings of the referee are in the following words:

"1. That, at the date of the filing of the petition, to wit: February 10, 1868, the plaintiff was the owner of the one undivided one-half of the west half of the southeast quarter and the north sixty-five acres of the east half of the southwest quarter of section 25, township 84, north range 2, east of the fifth principal meridian; and that the defendant Sellew was the owner of the other undivided one-half, and they had been such owners from 1854.

2. That, in 1857, defendant Sellew took possession of the whole of said land, and has held the same by himself and tenants, without the consent and against the will of the plaintiff, and adversely to him, since that time till some time in 1868.

3. That, in 1857, defendant Sellew rented all of said land to defendant H. B. Miller, and to receive as rent a share, as was usual to give and receive in such cases, and that said H. B. Miller was to make the repairs necessary, and to have pay for them from Sellew's share of the crops; and said Miller held under the contract till 1868.

4. The defendant H. B. Miller sublet for 1867 to defendant John Miller, at a rent of $150, and he was to make necessary repairs, to apply on rent, and that the repairs he made in 1867 were equal to the share of the crops to be paid by H. B. Miller to Sellew as rent.

5. That plaintiff, in 1859, notified defendant H. B. Miller that the plaintiff claimed the possession of the land, and should hold defendant H. B. Miller for rents, by verbal notice. That a settlement was made in 1860 between defendants Sellew and H. B. Miller, and the repairs and taxes paid were adjusted, and there was found due from Miller to Sellew $13, and by stipulation of plaintiff and defendant Sellew, that is taken as settlement for all parties to that time, viz. : 1860, inclusive.

6. That defendant Sellew, by his agent, consented to defendant John Miller's tenancy, and agreed that he might make necessary repairs, to be taken from the rent.

7. That plaintiff in 1865 notified defendant H. B. Miller not to pay any rent due or to become due to defendant Sellew, and Sellew also required Miller to pay to him, and agreed to hold him harmless.

8. That defendant H. B. Miller does not appear to have delivered to defendant Sellew any share of the crops, or

paid the rents, or any part thereof, since 1860. Whether he made repairs does not appear.

9. That the value of the use of the one-half of said premises for 1861, 1862, 1863, 1864, 1865, 1866, 1867, has been worth annually $130, amounting to $910, the whole being worth $260 annually.

10. That said Sears and Sellew have paid taxes on said land, but plaintiff has paid $105.54, which with the interest now amounts to $121.63, and Sellew has paid in some way $53.58, and the interest amounts to $15.39, and now amounts, total, to $68.97, and that plaintiff has paid more than defendant Sellew, with the interest, $26.33."

Sellew alone appeals.

*William Graham* for the appellants.

*Charles H. Dunbar* for the appellee.

BECK, J. — Several objections are made by appellant to the judgment and rulings of the District· Court. We will proceed to notice them in the order in which they are presented in the argument of appellant's counsel.

I. The referee's report was not accompanied by the affidavit required by section 3100 of the Revision. This sec-

1. REFERENCE OF ACTIONS: affidavit of referee.

tion prescribes that the referee shall make an affidavit for the faithful performance of his duties, which shall be returned with his report. Defendant moved to set aside this report, because no such affidavit was made or returned. Pending the motion, the plaintiff filed the affidavit of the referee, to the effect that he made the affidavit prescribed by law, previous to his entering upon the discharge of his duty as referee. An affidavit, as to the same fact, made by the notary administering the oath, was also filed, and the referee certifies to the same fact in his report. From these statements it appears the affidavit required by sec-

tion 3100 was made, but was lost, and for that reason did not accompany the report.

This evidence is entirely sufficient to satisfy us, as it did the court below, that the affidavit was made. The fact that it was lost could not annul the proceedings before the referee. The requirement that the affidavit be filed with the report is directory; evidence that it was made, but afterward lost, shows a sufficient compliance with the law. The motion was properly overruled.

II. It is insisted that the findings of the referee are not supported by the evidence. The evidence embodied in the record is certified by the referee to be " the substance of all the evidence in said cause, so far as the same seemed material, and referee believes that it contains the substance of all the evidence that was taken." It has been repeatedly held by this court, that we cannot review the findings of a referee upon the facts, unless all the evidence is before us. We must decide the case upon the whole evidence and not on part of it. We must determine for ourselves what is the substance or material parts of the evidence. That duty cannot be done for us by the referee or court below. We cannot, therefore, review the findings of the referee in this case.

2. —— practice.

III. The defendant excepted to the report of the referee, on the ground that he is charged with the value of one-half of the rent of the lands, and that, if liable at all, he is only liable for the amount of plaintiff's share of the rent received by him. But it is claimed, that, having received neither rents nor profits according to the finding of the referee, he cannot be held liable in this action.

3. TENANTS IN COMMON: liability for rents: disseizin.

The question for us to determine is this: Is the defendant, who received no portion of the rent, liable for the value of his co-tenant's interest in the profits of the lands?

It is insisted that plaintiff and defendant were tenants in common, and that to render a tenant in common liable to his co-tenant he must have been an agent of the co-tenant, in which case he is liable at common law, or he must have received more than his share of the rents, and then he would be liable as under the statute of 4 and 5, Ann. c. 16. Inasmuch as defendant was not the agent of plaintiff, and did not receive any portion of the rent due plaintiff, it is argued, that he is not liable in this action. The statement of this principle is correct so far as it goes, but it does not reach far enough. There are facts appearing in the record which take the case from the operation of this doctrine.

This rule is based upon the following admitted principles. The possession of one tenant in common, unless it be adverse, is the possession of his co-tenant. He is seized *per my* and not *per tout*. He is entitled to his proper share of the profits of the land, and may appropriate them, when they come into his hands, to his own use to the extent of his share, without liability to his co-tenant. There is no principle of law that will require him to divide his share with his co-tenant. If he receives no more than his share he cannot, therefore, be made liable.

But the case is different when he disseizes his co-tenant and ousts him of the possession. That he may do so is a settled principle of law. See 1 Greenleaf's Cruise Digest, tit. 1, § 34, note 3; tit. 20, § 14, note 3. It is then simply the case of a disseisor turning the rightful owner out of the possession of lands. This is the case made by the record before us. According to the finding of the referee the defendant held the land adversely to plaintiff — he was a disseisor, and ousted plaintiff of the lands. There exists in reason no distinction between this case and one where a disseisor holds lands of another, and no

question as to tenancy in common arises. If A. ousts B. of his lands, B. can recover of A. the value of the rents and profits, without inquiry as to the fact whether A. collected rents or received profits. The ouster, A.'s possession, and the value of the rents and profits, are the only facts necessary to be shown in order to enable B. to recover. If A. realized nothing from the land while he held possession, it is no reason that he should deprive B. of the just value of the rents and profits for the time he was wrongfully kept out of the possession. There can be no plainer proposition than this, and it requires no other support than its simple statement. We conclude, therefore, that defendant, having held the land adversely to plaintiff — having ousted him, — is liable for the yearly value of the rent, without regard to the fact that he realized nothing from the land while he held it in possession.

This conclusion, in our opinion, is based upon obvious reasons and distinctions, and is just and satisfactory to the legal mind. It avoids, too, the application of an arbitrary and technical rule of the law to facts not truly within its scope and operation. It is in harmony with undisputed rules governing the rights of tenants in common. A tenant in common may maintain ejectment against his co-tenant, who has ousted him. So he may bring his proper action against his co-tenant for waste or destruction of the realty or chattel real. Certainly, in these actions he may recover the value of the rights of which he is deprived, without regard to the profits received by his co-tenant through his possession or waste of the realty or destruction of the chattel real. We are unable to perceive why a like rule should not prevail in this case, where one tenant in common holds adversely, denying the rights of the other and wrongfully depriving him of the benefits of his estate.

IV. It is a ground of objection to the judgment made by defendant's counsel, that, in this case, plaintiff has recovered a judgment against H. B. Miller. No such objection was raised in the court below; it cannot be first made here. Besides, we are at a loss to see how the judgment against Miller in any way is prejudical to defendant. Miller, in no form, objected to the judgment in the court below; neither does he appeal. If he is content with the judgment against himself, appellants ought not to be dissatisfied.

V. The order of reference was made before service of notice upon Miller. This is another ground of objection. We cannot see how defendant is prejudiced, even if it be error. Miller appeared before the referee and answered, and neither excepted to the finding of the referee nor to the judgment. The objection was not raised by defendant in the court below; it cannot be first raised here, even if the action of the court in the premises was erroneous.

VI. It is insisted that the judgment for taxes paid by plaintiff, over and above the one-half thereof, is not

5. —— discharge of incumbrances. warranted by the law. We think differently. One tenant in common, who has removed an incumbrance from the joint estate, may compel his co-tenant by an action at law to contribute his just proportion of the expenses thus incurred. *Dickinson* v. *Williams*, 11 Cush. 258.

This rule certainly applies in the case where taxes are paid by one tenant in common.

We find no error in the record. The judgment of the District Court is therefore

Affirmed.