CAROLINE LYSINGER, Appellant, v. C. F. HAYER *et al.*, Appellees.

| | |
|---|---|
| 87 | 335 |
| 117 | 318 |

Judicial Sales: REDEMPTION: RIGHT OF SENIOR LIENHOLDER. The statute in relation to redemption from judicial sales does not authorize a senior creditor to redeem from a junior lien. Accordingly, the holder of a mortgage is not entitled to redeem from a sale made under a judgment which is junior to the mortgage.

*Appeal from Wright District Court.*—HON. S. M.
WEAVER, Judge.

FRIDAY, JANUARY 27, 1893.

THE plaintiff, a senior lienholder, as mortgagee,
brings this action to enforce a redemption from a sale
on execution upon a judgment in favor of the defend-
ants which is junior to her mortgage, and for other
relief incident to the redemption. A decree was entered
dismissing the plaintiff's petition, from which she
appeals.—*Affirmed.*

*Nagle & Birdsall,* for appellant.

*F. W. Pillsbury,* for appellees.

GIVEN, J.—I. The following statement of the facts
will be sufficient for the purpose of the single question
presented on this appeal. There is no dispute as to
the facts, and they are as follows: F. P. Lysinger,
being the owner of the land in question, executed to
the plaintiff a mortgage thereon on the fourteenth day
of February, 1889, to secure the payment of nine hun-
dred and forty-five dollars, evidenced by a promissory
note, with interest due February 14, 1894, which mort-
gage was duly recorded. It contained the usual clause
that a failure to pay the interest should render the
entire sum due. On May 25, 1889, the defendants
Hayer, obtained judgment in the district court against
said F. P. Lysinger for one thousand, ninety-three dol-
lars and ninety-two cents damages, and for attorneys'
fees and costs. They procured an execution to issue,
and caused the same to be levied upon the lands
described in the plaintiff's mortgage, and thereafter,
on the twenty-seventh day of July, 1889, said lands
were sold under the execution to the defendants Hayer,
for two hundred and fifty dollars, and a certificate

issued to them. On the twenty-fourth day of March, 1890, the plaintiff filed her affidavit in the office of the clerk, setting forth that she was the owner and holder of said mortgage; that default had been made in the payment of the interest, by reason of which the whole amount had become due; that her mortgage was prior to the lien of the defendants' judgment; "and I make and file this affidavit for the purpose of redeeming said land from said execution sale as a senior creditor under the statute." Thereafter the plaintiff demanded of the defendants an assignment of the sheriff's certificate of sale, which they refused to make.

II. It will be observed that the defendants had not redeemed from, and did not hold any lien paramount to, the plaintiff's mortgage; indeed, it does not appear that any such lien existed. It will also be noticed that the plaintiff did not pay, or offer to pay, any money in redemption from the defendants' judgment. The contentions are whether the plaintiff, as such paramount lienholder, had a right to redeem from the defendants' junior lien, and, if so, whether she could not do so by filing an affidavit, and without the payment of any money. The appellant cites and relies upon sections 3106 and 3107 of the Code. After the sections authorizing the defendants and creditors to redeem, and fixing the order and times within which they may do so, we have said sections, as follows:

"Sec. 3106. The terms of redemption in all cases will be the reimbursement of the amount paid by the then lienholder, added to the amount of his own lien, with interest upon the whole at the rate of ten per cent. per annum, together with costs, subject to the exceptions contained in the next section; but, where a mortgagee whose claim is not yet due is the person from whom the redemption is thus to be made, a rebate of interest at the rate of ten per cent. per annum must be made by such mortgagee on his claim."

"Sec. 3107. When a senior creditor thus redeems from his junior, he is required to pay off only the amount of those liens which are paramount to his own, with the interest and costs appertaining to those liens."

The appellant contends that under this last section she is entitled to redeem from the defendants' junior lien, and to be invested with all the rights of the defendants thereunder. In our opinion, no such redemption is contemplated in, or authorized by, the statute. The purpose of redemption is to insure to the debtor and to his creditors the full value of the debtor's property. *Moody v. Funk*, 82 Iowa, 1. If a junior creditor thinks the property of sufficient value to warrant it, he redeems from the senior, and holds the property for both liens, thereby realizing to the debtor and to himself the greater value for the property. There is no possible benefit gained to any one by a senior creditor redeeming from a junior lien. True, the statute says creditors may redeem from each other, and that a senior creditor may redeem from a junior creditor, but it does not say that a senior creditor may redeem from a junior lien. The terms of redemption in all cases are the reimbursement of the amount paid by the then holder, with interest and costs, except as provided in the next section. Leaving out the exception, we have a statute that requires the redemptioner to pay to the then holder not only the amount paid by him in redemption, but the amount of his own lien, though junior to that of the redemptioner. Such a result is foreign to the purpose of the statute and, therefore, we have the exception that, "when a senior creditor thus redeems from his junior, he is required to pay off only the amount of those liens which are paramount to his own." The statute does not authorize the useless and fruitless act of a senior lienholder redeeming from a junior lien. If a junior creditor has, by redemption or otherwise, become the holder of a

paramount lien, junior creditors thereto may redeem therefrom by paying as provided in section 3107, but not from the junior lien. We are clearly of the opinion that the plaintiff's petition was properly dismissed,

The judgment of the district court is, therefore, AFFIRMED.