J. F. KOBOLISKA, Appellant, v. JOSEPH W. SWEHLA.

**Cotenancy.** While one cotenant, who, at the request of the other, and to prevent foreclosure, pays the mortgage debt, is not entitled to subrogation and foreclosure of the mortgage, he is entitled to contribution, and to a lien on the other's interest in the land, for his share of the mortgage so paid.

**Pleading Construed.** A petition for contribution, alleging that plaintiff and defendant were tenants in common of land, does not by implication state they were partners, because, in the deed conveying the land to them, attached as an exhibit to the petition, their names were written as partnership titles usually are.

**Motion and Demurrer.** Motion for more specific statement and not demurrer is the remedy, where petition of one who has paid a mortgage for contribution from his cotenant, does not state the dates of payment or the rate of interest.

**Appeal: DEMURRER.** Where demurrer to a petition is sustained, and plaintiff files an amendment repeating all the allegation of the original petition, and adding others, which are stricken out on motion, and demurrer is then filed setting up the same grounds as the first, appeal may be had from the sustaining of the second demurrer; the right to claim that the amendment was a restatement of the original petition being waived by filing the second demurrer, in place of a motion to strike out that part to which it was interposed.

*Appeal from Howard District Court.*—HON. L. E. FELLOWS, Judge.

SATURDAY, DECEMBER 17, 1898.

THE plaintiff alleged in his petition that he and the defendant together purchased the east half of lot 4 in block 29 in Cresco, and took a deed thereto in their names, under

which they hold title and possession; that the consideration therefor was one thousand eight hundred dollars, of which five hundred dollars was paid in cash, and a note for the remaining one thousand three hundred dollars and a mortgage on said property, securing the same, executed by them jointly; that said note became due September 1, 1894, whereupon the payee demanded payment, and threatened foreclosure, and, the defendant, having failed to pay his portion, requested plaintiff so to do, and the latter paid four hundred dollars, with interest from the date of the note, and later, under the same circumstances, two hundred dollars with interest; that thereafter each party contributed his proportion to satisfaction of the balance of the mortgage; that said payments were made by plaintiff to avoid suit and foreclosure, and to discharge the premises from the lien of said mortgage; that, by reason of these facts, the plaintiff prays for judgment against the defendant in the sum of six hundred dollars, with interest, and that said amount be adjudged a lien on the defendant's interest in said land, and that he be subrogated to the rights of the mortgagee, and that the mortgage be foreclosed, and special execution issued. To this petition the defendant demurred, on the grounds that the facts stated did not entitle the plaintiff to relief demanded, or to any equitable relief. The court sustained this demurrer. Thereupon the plaintiff filed an amendment to his petition, making all the allegations of the original petition a part thereof, "as fully as if specifically set out," and alleged (1) that the defendant was insolvent at the time this action was begun; (2) that unless, a lien on the premises be decreed, the plaintiff will be without remedy, and suffer loss of the amount paid; (3) that the defendant.had conveyed his interest in the property in order to place it beyond the reach of an execution. The defendant moved to strike these allegations because immaterial and irrelevant, and for the reason that a demurrer to the petition had already been sustained This motion was sustained, and the defendant filed a second

demurrer, setting up the same grounds stated in that to the original petition, and it was sustained. As the plaintiff elected to stand upon this last ruling the petition was dismissed, and he appeals.—*Reversed.*

*John McCook* for appellant.

*Willett & Willett* for appellee.

LADD, J.—The appellee insists that, by filing the amendment to the petition, the appellant waived the error, if any, of the court in sustaining the first demurrer. Doubtless a motion to strike the part of the amenment to which the second demurrer was interposed, if filed, would have been sustained, because it simply repeated the allegations of the petition already held insufficient. The defendant, instead of availing himself of that remedy, however, filed another demurrer in substantially the same language, and from the ruling on this the appeal was taken. If there was any waiver, the appellee, by not moving to strike, and in demurring a second time, waived the right to claim the amendment was a re-statement of the petition.

II. Attention is called to the fact that dates of payments and the rates of interest thereon are not stated in the petition. A motion for more specific statement, and not a demurrer, is the remedy in such a case. It is also suggested that the petition shows these parties to have been co-partners. This is based upon the fact that it appears from the copy of the deed, attached to the petition, that the land was conveyed to "Swehla & Koboliska." The petition does not allege a partnership relation, and this will not be inferred, in a matter of pleading, from the mere fact that the names of the grantees are written in an exhibit attached thereto, as partnership titles usually are. The petition very clearly alleges that the plaintiff and defendant were tenants in common, in possession, and that the plaintiff paid the sum of six hundred dollars with interest, at the defend-

ant's request, to protect the interest of both in the land, and to remove a lien.

III.    That the plaintiff was not entitled to be subrogated to the rights of the mortgagee, and have the mortgage foreclosed, appears from *Leach v. Hall,* 95 Iowa, 619.    In that case, however, the grantee of the heir who had discharged an incumbrance created by the ancestor was awarded contribution from the other heirs, and a lien therefor established on their interest in the land. Though subrogation was alleged in the case at bar, and foreclosure of the mortgage asked, the petition also prayed that the defendant's share of the incumbrance paid by the plaintiff be established as a lien on the former's interest in the land.    That the plaintiff was entitled to contribution cannot be doubted.    Freeman Co-Tenancy, sections 322, 512; 2 Jones Mortgages, section 1314; *Leach v. Hall, supra; Carter v. Penn,* 99 Ill. 390; *Rider v. Clark,* 54 Iowa, 299; *Oliver v. Montgomery,* 39 Iowa, 604; *Sears v. Sellew,* 28 Iowa, 508; *Fallon v. Chidester,* 46 Iowa, 588.    In *Oliver v. Montgomery,* 42 Iowa, 37, it was held that, where one tenant in common paid all the taxes, the share of a co-tenant for which judgment was entered should be made a lien on his interest in the land.    We discover no reason for adopting a different rule where an incumbrance in form of mortgage is satisfied. It is certainly quite as important, for the protection of the estate, that such a lien be discharged as that for taxes.    We think that the plaintiff, under the allegations of his petition, was not only entitled to judgment for the defendant's share of the mortgage paid by his co-tenant, but also to have this established as a lien on his interest in the land.    This appears from *Leach's Case,* and, through subrogation or otherwise, is the relief usually granted.    *Newbold v. Smart,* 67 Ala. 326; *Titsworth v. Stout,* 49 Ill. 78; *Furman v. McMillian,* 2 Lea. 121; 1 Jones Mortgages, section 878; 24 Am. & Eng. Enc. Law, 236.—REVERSED.