125   725
142   536

CHAS. RIPPE v. H. H. BADGER, Appellant.

**Tenants in common:** CONTRIBUTION. Where one cotenant pays more than his proportion of the purchase price of property, or discharges liens upon the joint property, he may compel contribution and enforce a lien against the interest of his cotenant to secure the repayment of his share.

**Tenants in common:** PURCHASE AT JUDICIAL SALE: CONTRIBUTION. A tenant in common in possession of land who pays a recorded mortgage on the common property may compel contribution from a subsequent purchaser at judicial sale of his cotenant's interest, though the purchaser had no knowledge of the payment of the incumbrance.

**Same.** Where a purchaser at judicial sale of the interest of one cotenant has or is charged with knowledge of the fact that another cotenant has paid a mortgage on the common property, equity will compel contribution from such purchaser.

**Contribution:** PRESERVATION OF RIGHT. A cotenant, who has paid a mortgage on the common property, is not required to attend a judgment sale of his cotenant's interest and notify prospective purchasers of his equity, in order to preserve his right to contribution.

**Contribution:** IMPROVEMENTS: RENTS. A cotenant who is a disseisor, cannot compel contribution for improvement; and h̲ is chargeable with the rental value of his cotenant's interest.

*Appeal from Winnebago District Court.*— HON. J. F. CLYDE, Judge.

TUESDAY, DECEMBER 13, 1904.

SUIT in equity for the partition of land. The plaintiff and H. G. Beadle became the owners of the land in question by purchase on the 11th day of August, 1897; paying therefor $1,000 in cash, and taking title thereto subject to mortgages aggregating $1,000 or more. These mortgages were paid by the plaintiff in 1898, and during the same year the State Bank of Thompson procured a judgment against H. G.

Beadle, which became a lien upon his undivided interest in the land. In 1900 this judgment was assigned, and execution was issued thereon, under which Beadle's interest in the land was sold to the assignee of the judgment. The certificate of sale was afterwards assigned to the defendant, who subsequently received a sheriff's deed for an undivided one-half interest in the land. The plaintiff has had the exclusive control and possession of the premises since some time in 1898. The mortgages were duly recorded, and were not released of record until September 1, 1900, about two months before the execution sale, at which time some one other than the plaintiff caused the filing of releases thereof. In addition to his prayer for partition, the plaintiff asks that the defendant be charged with one-half of the mortgage indebtedness paid by him, and that he have an equitable lien upon the defendant's interest in the land for such sum. There was a decree for the plaintiff, from which the defendant appeals.— *Modified.*

*Oliver Gordon* and *Cliggitt & Rule,* for appellant.

*Geo. D. Peters,* for appellee.

SHERWIN, J.— The plaintiff and Beadle were co-tenants of the land in controversy, and the sale of the latter's undivided interest under an execution did not sever the relations, but the appellant, as the purchaser thereof, became himself the co-tenant of the plaintiff. 6 Wait's Actions & Defenses, 746, and cases cited. It is the general rule that co-tenants are liable for the purchase price of the common property, and for the liens and incumbrances against it, in proportion to their respective interests, and if one co-tenant pays off the lien, or pays more than his share thereof, or if he pays more than his share of the purchase price, he is entitled to contribution from his co-tenant for his proportion, and has a lien upon the property to secure the payment thereof. *Oliver v. Montgomery,* 39

1. TENANTS IN COMMON: contribution.

Iowa, 601; *Sears v. Sellew,* 28 Iowa, 501; *Koboliska v. Swehla,* 107 Iowa, 124.

We do not understand that these general rules are questioned by the appellant, but he does contend that, having purchased at a judicial sale, without actual or constructive notice that the mortgages had been paid by the plaintiff, and that he was entitled to contribution therefor, he is not liable. The maxim of *caveat emptor* unquestionably applies to a sale under execution, and the purchaser ordinarily acquires no better title than the debtor could have conveyed at the time the lien attached. *Rakestraw v. Hamilton,* 14 Iowa, 147. But while this is true, and the purchaser takes his title subject to the liens and equities it was subject to in the hands of the defendant in execution, it is also true that the purchaser will ordinarily be protected against outstanding equities of which he had no notice, actual or constructive, before the sale. *Butterfield v. Walsh,* 36 Iowa, 534, and cases cited. In *Stover v. Cory,* 53 Iowa, 708, we applied this rule to the case of a co-tenant who had paid taxes on the land before the other co-tenant bought, and denied recovery therefor. On the other hand, we held in *Pinckney v. Collie,* 114 Iowa, 441, that section 2925 of the Code was not applicable to the case of a purchaser without notice at an execution sale of the interest of an heir in the estate of his intestate, where there had been an advancement to him during the life of the ancestor. The rule thus announced, and the reasoning upon which it is based, seem applicable to the case at bar, for here the mortgages were in fact recorded; and, upon their payment by the plaintiff, he could have recorded no instrument which would have affected the estate, within the meaning of the statute. He had no right to pay the mortgages and take an assignment of them for the purpose of subrogation, because he was a co-tenant, and could not acquire or hold an outstanding incumbrance as against his co-tenant. *Leach v. Hall,* 95 Iowa, 610.

2. TENANTS IN COMMON: purchaser at judicial sale; contribution.

Eliminating the statute, the case would be governed by the controlling equities. It is unnecessary, however, to apply the rule of the Pinckney Case here, because of the facts. At the time the defendant purchased the certificate of sale, he was a nonresident of the State, and was not present at the sale of the land. The land was sold to Bringholf, who, though he had taken an assignment of the judgment, was in reality not the owner thereof, but undertook its collection for a commission. Bringholf assigned the certificate in blank, delivered it to the bank, and received his commission before the sale thereof to the defendant. Mr. Vaughn, the cashier of the bank, was the defendant's agent for the transaction of his business in that locality, and for the purchase of the certificate in question. He knew or was charged with knowledge of the fact that the mortgages had been paid, and that their release had been secured by his agent, Bringholf. Furthermore, he knew that Beadle was insolvent and could not have paid them, and that the plaintiff was in exclusive possession of the property, and timely inquiry would undoubtedly have acquainted him with the plaintiff's equities; and this, we think, good faith and reasonable prudence required him to make in the circumstances of this case. *Rogers v. Hussey,* 36 Iowa, 664; *Hannan v. Seidentopf,* 113 Iowa, 658.

3. SAME.

There is nothing in the claim that the plaintiff is estopped because he knew of the judgment, and that the interest of Beadle was to be sold. He was not bound to attend the sale and notify prospective purchasers of his right to contribution. He did not then know that the mortgages had been released, and could justly rely upon the notice which the record and his possession of the property gave to the world. Moreover, the releases having been procured and placed upon record by the defendant's agents without the knowledge or consent of the plaintiff, he is in no position to charge the plaintiff with an estoppel on account thereof.

4. CONTRIBUTION: preservation of right.

The evidence does not show a merger of the plaintiff's equity in the legal title which he afterwards acquired from Beadle. On the contrary, the facts negative any such intent, and the intention of the parties will ordinarily determine the question in equity.

The plaintiff is not entitled to recover for improvements made. He does not claim anything therefor in his pleading nor in argument, and, as we understand the record, he was a disseisor, and for that reason alone he is not entitled to contribution for the improvements. *Austin v. Barrett,* 44 Iowa, 488.

5. CONTRIBU-
TION:
improve-
ments; rents.

It is also the rule that a disseisor is chargeable with the rental value of his co-tenant's share of the property, whether the rent is actually received by him or not. *Austin v. Barrett, supra; Sears v. Sellew, supra.* This seems to have been the view of the trial court, and we are not disposed to interfere with the fact findings as to the value thereof.

The allowance for sidewalk and curbing will be deducted from the amount found due the plaintiff, and as thus modified the judgment will be affirmed. The case will be remanded for a judgment in accordance herewith, or the plaintiff may have a decree here if he elects so to do within twenty days from the filing of this opinion.— *Modified and affirmed.*