J. W. DAVIS, Appellee, v. MAY A. DAVIS, Appellant.

**TENANCY IN COMMON:** Contribution for Deficiency Judgment.
1  A cotenant must make contribution to his cotenant, not only
   for the amount paid by the latter in redeeming from a mort-
   gage foreclosure sale, but also for the amount paid in satis-
   fying a *deficiency* in the foreclosure judgment.

**PRINCIPAL AND SURETY:** Surety Becoming Principal by Op-
2  eration of Law. A surety, as between himself and his prin-
   cipal, becomes a principal by voluntarily causing himself to
   be subrogated to all the rights of the principal.

   PRINCIPLE APPLIED: A husband and another person
   bought land, and gave a mortgage on the land for the pur-
   chase price. The wife signed the mortgage note, as surety.
   Later, the wife, in divorce proceeding, was awarded, as ali-
   mony, all her husband's interest in the land. *Held* that, as
   between her husband and herself, she became the principal,
   and her husband became a surety.

**EXECUTION:** Redemption by Execution Debtor. Principle recog-
3  nized that a redemption of land from execution sale, by the
   execution debtor, exposes the land to a lien for any deficiency
   in the judgment.

*Appeal from Jasper District Court.*—HENRY SILWOLD,
Judge.

OCTOBER 25, 1918.

REHEARING DENIED JANUARY 20, 1919.

SUIT in partition of lands. The plaintiff averred that
he was the owner of an undivided one half thereof, and that
defendant was the owner of the other undivided one half.
He averred, also, that he had discharged incumbrances up-

on the property, amounting to about $25,000, and he prayed that he have contribution from the defendant of one half thereof, and that he have a lien upon her undivided one half for the payment of the same. The defendant contested the right of the plaintiff to contribution. There was a decree for the plaintiff, and the defendant appeals.—*Affirmed.*

*Cullison & Cullison,* for appellant.

*Preston & Dillinger,* for appellee.

EVANS, J.—The land in question was acquired jointly, in March, 1912, by J. W. Davis and J. V. Davis, the former husband of the defendant May Davis. The land was conveyed to the grantees, subject to a mortgage for $7,500, which was assumed by the grantees. The further sum of $20,000 of the purchase price was represented by a promissory note, signed by the grantees and by the defendant May Davis, then the wife of J. V. Davis. This note was secured by a mortgage upon the land. Such was the status of the parties with reference to the land, until September 14, 1914, upon which date the defendant obtained a divorce from her husband, and was awarded as alimony all the interest of her husband in such land. It is conceded that she thereby succeeded to the title of her husband, and became cotenant with the plaintiff in the ownership of the land. Subsequent to the decree of divorce, a decree of foreclosure of the $20,000 mortgage was obtained by the holder thereof. Special execution was issued, and the property was sold thereunder, and was bid in by the holder of the execution judgment for approximately one half the amount of the judgment. On the last day of the year of redemption, the plaintiff redeemed the same, by the payment of the full amount of the bid, with interest and costs. A few days later, he paid the deficiency judgment in full. These are the payments for which he asks contribution.

1. TENANCY IN COMMON: contribution for deficiency judgment.

The defendant concedes that she is liable to contribution for the amount paid in redemption from the execution sale, but she denies her liability for contribution for the amount paid in discharging the deficiency judgment.

I.  The argument in her behalf is that she was a surety only upon the note, and that, as between her and the plaintiff, who was a principal, she was only secondarily liable for any part of the debt.  If this argument were decisive, it would have been quite unnecessary for the defendant to concede her liability for a contribution to any extent.  The original relation of the defendant to the debt has become quite immaterial, by reason of the subsequent status acquired by her.  Even if she were a surety only in the original transaction, her subrogation to the rights of her husband, as cotenant with the plaintiff, changed her status.  Thereafter, as between her and her former husband, she became the principal, and he the surety.  *Wood v. Smith,* 51 Iowa 156; *Northwestern Nat. Bank v. Sloan,* 97 Iowa 183; *Barr v. Patrick,* 52 Iowa 704; *Lamka v. Donnelly,* 163 Iowa 255.  But even this is not a strategic feature of the case.  The decisive fact in the case is that the defendant became cotenant with the plaintiff, and that the land owned in common by them as cotenants was incumbered for its purchase money by the mortgage in question.  It is well settled that cotenants are liable for their proportionate part of the purchase price of the common property, and for the liens and incumbrances against the same.  Payment by one operates to the benefit of all, and entitles the payor to contribution pro rata, and to a lien upon the share of each for the proportionate amount due from him.  *Sears v. Sellew,* 28 Iowa 501; *Leach v. Hall,* 95 Iowa 611; *Koboliska v. Swehla,* 107 Iowa 124; *Rippe v. Badger,* 125 Iowa 725; *McNamara v. McNamara,* 167 Iowa 479; *Funk v. Seehorn,* 99 Mo. App. 587 (74 S. W. 445).  If

**2. PRINCIPAL AND SURETY: surety becoming principal by operation of law.**

the plaintiff had paid the mortgage, or discharged the foreclosure decree entered thereon, at any time prior to the execution sale, it is manifest that he could have demanded contribution from the defendant. This much her counsel concedes in argument. But it is argued that, when the execution plaintiff bid off the property for less than the amount of the judgment, the bid, nevertheless, satisfied the judgment, and discharged the lien thereof, and that the execution plaintiff had no further claim thereto than was represented by his sheriff's certificate: that is to say, that the deficiency judgment ceased to be a lien upon the land. Upon this premise, it is argued that the later payment by the plaintiff of the deficiency judgment did not operate to discharge any lien upon the land, and that, therefore, the defendant was not liable.

There is a qualified sense in which it is true that the deficiency judgment was not a lien upon the land. A subsequent junior lienholder could have redeemed from the execution sale, and could have ignored the deficiency judgment. Likewise, a grantee of the execution debtor could have done the same thing. But a redemption of the land by the execution debtor only saved it to him from the execution sale. In his hands, it became again subject to the lien of the deficiency judgment. *Peckenbaugh v. Cook,* 61 Iowa 477; *People's Savings Bank v. McCarthy,* 119 Iowa 586. It necessarily follows that the payment of the deficiency judgment by the plaintiff did operate to discharge a lien upon the common property. The defendant thereby became subject to a call for contribution, for precisely the same reason as rendered her liable to contribution for the amount paid in redemption from the sheriff's sale. The decree of the trial court gave to the plaintiff a lien upon the defendant's undivided one half for the proportionate amount which she should contribute, but awarded no per-

3. EXECUTION: redemption by execution debtor.

sonal judgment against her. Such decree affords her no ground of complaint, and it is, accordingly,—*Affirmed.*

LADD, GAYNOR, and SALINGER, JJ., concur.

PRESTON, C. J., took no part.