Dr. Gerald BLUE, Plaintiff,

Guy L. Roberts, Jr., Assignee-Appellant,

v.

R.B. OEHLERT, a/k/a Robert B. Oehlert, Defendant,

Dale Van Wyk, Lienholder-Appellee.

No. 67907.

Supreme Court of Iowa.

March 16, 1983.

Craig S. Shannon and Thomas W. Carpenter, Grefe & Sidney, Des Moines, for assignee-appellant.

Gerald H. Grask and John H. Neiman of Neiman, Neiman, Stone & Spellman, P.C., Des Moines, for lienholder-appellee.

Considered by LeGRAND, P.J.,\* and HARRIS, McCORMICK, McGIVERIN and CARTER, JJ.

McCORMICK, Justice.

This appeal involves construction of statutory redemption provisions that this court long ago characterized as "philological monstrosities, illustrating how successfully ideas may be obscured by language." *See Goode v. Cummings,* 35 Iowa 67, 69 (1872). The passage of time has not made the provisions any clearer. The question here is whether a senior judgment lienholder who seeks to redeem from a junior judgment lienholder who purchased the debtor's property at execution sale can do so by only reimbursing the junior lienholder for execution costs.

\* Senior Judge.

The trial court held that the senior need only pay costs. We disagree and therefore reverse.

R.B. Oehlert owned real estate in Clarke County. Dale Van Wyk obtained a judgment for $21,278.90 against Oehlert on October 20, 1975. Gerald Blue obtained a judgment for $33,725.30 against Oehlert on July 23, 1976. Blue's judgment passed to Guy Roberts through a series of assignments.

At the instance of Roberts a general execution was issued against Oehlert's property, and it was sold by sheriff's sale on November 24, 1980, to Roberts. The Roberts bid was $44,083.36, comprising the amount of his judgment with interest and accrued costs. He credited the judgment with the amount bid and obtained a sheriff's certificate of purchase. On August 4, 1981, an attorney for Van Wyk wrote the clerk of court expressing an intention to redeem from the sheriff's sale, tendering a check for $96.64 covering court costs, and crediting $25,000 on his judgment against Oehlert. Roberts refused to release his certificate of purchase for only $96.64, insisting that he had a right to reimbursement for the amount of his bid at the execution sale as well.

The dispute was submitted to the trial court for adjudication pursuant to the provisions of section 628.21 of the Iowa Code (1981). The court held that Van Wyk was entitled to redeem in accordance with his offer, without reimbursing Roberts for the amount Roberts bid to acquire the certificate. This appeal by Roberts followed.

Several provisions of chapter 628 of the Iowa Code (1981) are relevant. Section 628.5 allows lien creditors to redeem after six months and "within nine months" from the date of sale. Section 628.8 provides:

Creditors having the right of redemption may redeem from each other within the time above limited, and in the manner herein provided.

Section 628.9:

When a senior creditor thus redeems from his junior, he is required to pay off

only the amount of those liens which are paramount to his own, with the interest and costs appertaining to those liens.

Section 628.10:

The junior creditor may in all such cases prevent a redemption by the holder of the paramount lien by paying off the lien, or by leaving with the clerk beforehand the amount necessary therefor, and a junior judgment creditor may redeem from a senior judgment creditor.

Section 628.11:

The terms of redemption, when made by a creditor, in all cases shall be the reimbursement of the amount bid or paid by the holder of the certificate, including all costs, with interest the same as the lien redeemed from bears on the amount of such bid or payment, from the time thereof.

Section 628.14:

When a senior redeems from a junior creditor, the latter may, in return, redeem from the former, and so on, as often as the land is taken from him by virtue of a paramount lien.

Section 628.15:

After the expiration of nine months from the day of sale, the creditors can no longer redeem from each other, except as hereinafter provided.

Section 628.16:

Unless the defendant [debtor] redeems, the purchaser, or the creditor who has last redeemed prior to the expiration of the nine months aforesaid, will hold the property absolutely.

Section 628.17:

In case it is thus held by a redeeming creditor, his lien, and the claim out of which it arose, will be held to be extinguished, unless he pursues the course pointed out in sections 628.18 to 628.20 inclusive.

Section 628.18:

The mode of redemption by a lienholder shall be by paying into the clerk's office the amount necessary to effect the same, computed as above provided, and filing therein his affidavit, or that of his agent or attorney, stating as nearly as practicable the nature of his lien and the amount still due and unpaid thereon.

Section 628.19:

If he is unwilling to hold the property and credit the debtor thereon the full amount of his lien, he must state the utmost amount he is willing to credit him with.

In the present case, Van Wyk relies on section 628.9, insisting that as a senior creditor he can redeem from Roberts, "his junior," by paying off "only the amount of those liens which are paramount to his own, with the interest and costs appertaining to those liens." Roberts relies on section 628.-11, pointing out that when a creditor redeems the terms "in all cases shall be the reimbursement of the amount bid or paid by the holder of the certificate, with interest the same as the lien redeemed from bears on the amount of such bid or payment, from the time thereof."

Roberts acknowledges that if his purchase at the execution sale ripens into title, his title will be subject to the lien of Van Wyk's judgment. An execution sale purchaser ordinarily acquires no better title than the debtor could have conveyed. *Rippe v. Badger*, 125 Iowa 725, 727, 101 N.W. 642, 642 (1904). The issue here concerns whether Van Wyk can redeem from Roberts by paying only the costs of execution. If he cannot redeem, he may execute separately on his judgment.

An analogous problem was presented in *Lysinger v. Hayer*, 87 Iowa 335, 54 N.W. 145 (1893). In that case a junior judgment lienholder purchased property at an execution sale. A mortgagee held a prior lien. The mortgagee filed an affidavit with the clerk purporting to redeem from the certificate holder, based on the priority of the mortgage lien, without payment of any money. The court held against the mortgagee on the ground that the provision now appearing as section 628.9 did not authorize a senior creditor to redeem from a junior lien:

Appellant contends that under this last section she is entitled to redeem from the defendants' junior lien, and to be invested with all the rights of the defendants thereunder. In our opinion no such redemption is contemplated in or authorized by the statute. The purpose of redemption is to insure to the debtor and to his creditors the full value of the debtor's property. [citation] If a junior creditor thinks the property of sufficient value to warrant it, he redeems from the senior, and holds the property for both liens, thereby realizing to the debtor and to himself the greater value for the property. There is no possible benefit gained to any one by a senior creditor redeeming from a junior lien. True, the statute says creditors may redeem from each other, and that a senior creditor may redeem from a junior creditor, but it does not say that a senior creditor may redeem from a junior lien.

*Id.* at 338, 54 N.W. at 146.

The *Lysinger* decision thus turned on a distinction between a junior lien and a junior creditor. The distinction is that a junior creditor is not necessarily the holder of only a junior lien. A junior creditor can acquire senior liens in two ways under section 628.-10. One is by paying off a senior lien to prevent redemption, and the other is by redeeming from a senior creditor. Under *Lysinger* a junior creditor would be in a position to pay off a senior lien to prevent redemption only if the junior creditor held a lien superior to that of the redemptioner. A senior creditor, according to the *Lysinger* court, can redeem only from a junior creditor who "by redemption or otherwise" becomes the holder of a paramount lien. *See* 87 Iowa at 338–39, 54 N.W. at 146. In order to redeem, the senior creditor must pay the junior creditor the amount of any lien held by the junior creditor that is paramount to the lien of the senior creditor as well as the amount paid by the successful bidder for the certificate of sale, including costs and interest, as required "in all cases" by section 628.11.

In the context of redemption by a junior lienor from a mortgage debt, the Iowa provisions have been analyzed by one commentator in a manner consistent with the *Lysinger* holding:

> The Iowa solution on this point, as in the case of redemption by the mortgagor or his successor, seems the more desirable. It provides that, on redemption, the junior lienor may file a statement of the amount which he is willing to credit on his debt and if he does so, that amount only is credited. If he does not file such a statement, the whole debt is satisfied. And the land in his hands, whichever course he follows, is subject to re-redemption upon paying what he paid to redeem plus the amount credited on his debt. This eliminates any litigation over the value of the property which would discourage redemption; permits the redemptioner to fix the amount he will credit on his debt; and safeguards against an undervaluation on this point by permitting redemption against him.

G. Osborne, Handbook on the Law of Mortgages § 310 at 898–99 (1951). Another commentator put the same construction on the statute:

> If a senior creditor redeems from a junior, he need pay only the amount bid at the sale plus the amounts allowed by redemptioners holding liens superior to his own. The junior may again redeem from the senior, or he may prevent redemption by the senior by paying off his lien.

Note, *Iowa Statutory Redemption After Mortgage Foreclosure,* 35 Iowa L.Rev. 72, 75 (1949).

In addition to being plausible, this construction harmonizes sections 628.9 and 628.11. We must seek a harmonizing construction if possible. *See McSpadden v. Big Ben Coal Co.,* 288 N.W.2d 181, 188 (Iowa 1980). This construction is also supported by the fact that as originally enacted the provision now appearing as section 628.11 immediately preceded the provision now appearing as 628.9. *See* Iowa Code §§ 1930–1931 (1851). The subsequent juxtaposition appears for the first time in the 1897 Code. *See* Iowa Code §§ 4048–4050 (1897). No

basis exists for believing that the change in the order in which these provisions were printed in the Code was intended to change their meaning. It is thus reasonable to believe section 628.9 is intended to apply only when section 628.11 first applies.

 In the present case Roberts was a junior creditor holding only a junior lien. Under the holding in *Lysinger* Van Wyk could not redeem from Roberts' lien by paying only execution costs. We need not decide whether technically the statute would allow a senior creditor to redeem from a junior lien by paying what the junior creditor bid at the execution sale plus interest and costs. As noted by the court in *Lysinger* it would make no sense for a senior lienholder to pay off a junior lien. *See* 87 Iowa at 338, 57 N.W. at 146 (characterizing such an act as "useless and fruitless"). Van Wyk did not propose to pay off the junior lien in this case. His alternative was to require a separate sheriff's sale to enforce his lien.

The trial court erred in holding that Van Wyk could redeem from Roberts by paying only the execution costs.

REVERSED.